1

2          IN THE UNITED STATES DISTRICT COURT

3          FOR THE NORTHERN DISTRICT OF CALIFORNIA

4   KEVIN LAMAR HOPKINS,                No. C 09-4578 CW (PR)

5              Plaintiff,               ORDER OF SERVICE AND
                                        DENYING PLAINTIFF'S MOTION
6        v.                             FOR LEAVE TO FILE AMENDED
                                        COMPLAINT
7   SAN FRANCISCO POLICE OFFICER
    CHARLES AUGUST, et al.,

8              Defendants.
                                    /
9   _____

10                          INTRODUCTION

11       Plaintiff, a state prisoner, has filed a <u>pro se</u> civil rights

12   action pursuant to 42 U.S.C. § 1983, complaining that he was

13   subjected to improper force by Defendants while he was in the

14   "booking area" at the San Francisco Police Department - Central

15   Station.

16       His motion for leave to proceed <u>in forma pauperis</u> has been

17   granted.

18       Venue is proper because the events giving rise to the claims

19   are alleged to have occurred in San Francisco County, which is

20   located in this judicial district.  See 28 U.S.C. § 1391(b).

21       In his complaint, Plaintiff names the following Defendants:

22   San Francisco Police Department (SFPD) Officer Charles August[1] and

23   several Doe Defendants.  Plaintiff seeks monetary damages.

24       Plaintiff has also filed a motion for leave to file an amended

25   complaint.

26   _____

27       [1] Plaintiff only listed Defendant August as "Officer August"
    in his complaint.  Clerk's staff was informed that there is only
28   one Officer August at SFPD.  His first name is Charles, and his
    badge number is 1119.

United States District Court
For the Northern District of California

DISCUSSION

I.   Standard of Review

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  Id. § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

II.   Legal Claims

    A.   Excessive Force

    According to Plaintiff's allegations in the complaint, Defendant August and several Doe Defendants used excessive force against him while he was being booked at the police station on September 1, 2009.  Specifically, Plaintiff alleges that he was "shackled" to a bench at the station for approximately six hours, when Defendant August and an unknown police officer placed another arrestee next to him.  (Compl. at 3.)  Shortly thereafter the officers left the booking area, and a physical altercation occurred

between Plaintiff and the other arrestee. (Id. at 3a.)[2] Defendant August then grabbed Plaintiff "by the throat choking and banging [his] head against the wall." (Id.) Plaintiff claims that Defendant August's "choke hold was so severe" that he "coughed up blood and was coughing and choking after [Defendant August] released his choke hold." (Id.)

Because Plaintiff was a post-arrest, pre-arraignment detainee at the time of the incident, Defendant August's alleged use of force is governed by the Fourth Amendment. See Pierce v. Multnomah County, Or., 76 F.3d 1032, 1043 (9th Cir. 1996). The Fourth Amendment reasonableness standard applies to allegations of use of excessive force against an arrestee while detained in custody post-arrest but pre-arraignment. See Pierce, 76 F.3d at 1043; cf. Graham v. Connor, 490 U.S. 386, 395 n.10. (1989) (post-arraignment pretrial detainee protected from use of excessive force by Due Process Clause of Fourteenth Amendment). Determining whether the force used is reasonable requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake. Graham, 490 U.S. at 396.

Liberally construed, Plaintiff's allegations state a cognizable excessive force claim.

B.    Deliberate Indifference Claim

Plaintiff's allegations also state a claim for deliberate indifference to his serious medical needs. He claims that

---

[2]   Attached to Plaintiff's complaint are two handwritten pages summarizing Plaintiff's version of the facts. The pages, however, are not numbered. Accordingly, the Court will number the handwritten pages as 3a and 3b, respectively.

United States District Court
For the Northern District of California

1   Defendants refused to provide Plaintiff with medical treatment for
2   his injuries.  According to Plaintiff, after Defendant August
3   released him from the choke hold, he "was grasping for air,
4   coughing and spitting up blood."  (Comp. at 3a.)  Plaintiff further
5   alleges that Defendants "denied [him] medical attention even after
6   witnessing the state [he] was in."  (Id. at 3a-3b.)

7       Deliberate indifference to serious medical needs violates the
8   Eighth Amendment's proscription against cruel and unusual
9   punishment.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976).  A
10  pre-trial detainee's claim for deliberate indifference to medical
11  needs derives from the due process clause rather than the Eighth
12  Amendment's protection against cruel and unusual punishment.
13  Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002)
14  (citing Bell v. Wolfish, 441 U.S. 520, 535 (1979)).

15      Liberally construed, Plaintiff's allegations state a
16  cognizable claim for deliberate indifference to his medical needs.

17      C.   Claim Against Doe Defendants

18      Plaintiff identifies several SFPD Officers as Doe Defendants,
19  whose names he intends to learn through discovery.  The use of Doe
20  defendants is not favored in the Ninth Circuit.  See Gillespie v.
21  Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  However, where the
22  identity of alleged defendants cannot be known prior to the filing
23  of a complaint the plaintiff should be given an opportunity through
24  discovery to identify them.  Id.  Failure to afford the plaintiff
25  such an opportunity is error.  See Wakefield v. Thompson, 177 F.3d
26  1160, 1163 (9th Cir. 1999).  Accordingly, the claims against the
27  Doe Defendants are DISMISSED from this action without prejudice.
28  Should Plaintiff learn the identity of the Doe Defendants through

United States District Court
For the Northern District of California

4

discovery, he may move to file an amendment to the complaint to add them as named defendants.  See Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

III. Motion for Leave to File Amended Complaint

Plaintiff has filed a motion for leave to file an amended complaint.  He claims that the SFPD is attempting to cover up the September 1, 2009 assault "by lack of cooperation with Office of Citizen's Complaints and with the District Attorney's Office in their investigation."  (Mot. for Lv. to Am. Compl. at 1.) Plaintiff's "new complaint will cite the cover-up by [SFPD]."  (Id. at 1-2.)

Under Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiff may amend as of right at any time prior to the filing of a responsive pleading and thereafter only with leave of court, and leave must be freely granted "when justice so requires."  Fed. R. Civ. P. 15(a).  However, the Court finds that granting Plaintiff leave to file an amended complaint is not warranted because Plaintiff's "cover-up" claim fails to state a constitutional claim for damages under § 1983 against Defendants at this time.  "[I]f a party engages in actions that effectively cover-up evidence and this action renders a plaintiff's state court remedy ineffective, they have violated his right of access to the courts."  Swekel v. City of River Rouge, 119 F.3d 1259, 1262 (6th Cir. 1997).  In order to prevail on such a claim, Plaintiff must demonstrate that Defendants' alleged "cover-up" violated his right of access to the courts by rendering any available judicial remedies ineffective. See Delew v. Wagner, 143 F.3d 1219, 1222-23 (9th Cir. 1998) (approving of and applying Swekel's analysis to a cover-up claim).

However, because Plaintiff's underlying excessive force and
deliberate indifference claims against Defendants (stemming from
the September 1, 2009 incident) remain pending, "it is impossible
to determine whether this has in fact occurred." Id. at 1223.
Even if Plaintiff could in good faith allege conduct by Defendants
that amounted to a cover-up of critical evidence relevant to his
claims, his "cover-up" claim is premature. See id. (dismissing
cover up/denial of access claim without prejudice because
plaintiff's state court action was still pending; plaintiff can
re-file "if in fact the defendants' alleged cover-up rendered all
state court remedies ineffective"). Therefore, the Court DENIES
Plaintiff leave to file an amended complaint with his "cover-up"
claim (docket no. 10). Plaintiff may reassert the "cover-up" claim
if and when he can allege in good faith that a cover-up of evidence
rendered his judicial remedies ineffective.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.   Plaintiff states cognizable claims for the use of
excessive force and for deliberate indifference to his serious
medical needs against Defendant August.

2.   The claims against the Doe Defendants are DISMISSED
WITHOUT PREJUDICE.

3.   Plaintiff's motion for leave to file an amended complaint
(docket no. 10) is DENIED.

4.   The Clerk of the Court shall mail a Notice of Lawsuit and
Request for Waiver of Service of Summons, two copies of the Waiver
of Service of Summons, a copy of the complaint and all attachments
thereto (docket no. 1) and a copy of this Order to SFPD Officer

<u>Charles August (Badge no. 1119)</u>.  The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the San Francisco County Counsel's Office.  Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

5.   Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires Defendant to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, Defendant will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve and file an answer before <u>sixty (60) days</u> from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendant is asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendant has been personally served, the Answer shall be due <u>sixty (60) days</u> from the date on which the request for waiver was sent or <u>twenty (20) days</u> from the date the waiver form is filed, whichever is later.

6.   Defendant shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing

schedule shall govern dispositive motions in this action:

a.   No later than <u>ninety (90) days</u> from the date Defendant's answer is due, Defendant shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

b.   Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than <u>sixty (60) days</u> after the date on which Defendant's motion is filed.  The Ninth Circuit has held that the following notice should be given to <u>pro se</u> plaintiffs facing a summary judgment motion:

> The defendant has made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against

United States District Court<br>For the Northern District of California

8

**United States District Court**
For the Northern District of California

1    you.  If summary judgment is granted [in favor of the
2    defendants], your case will be dismissed and there will
     be no trial.

3  See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en

4  banc).

5       Plaintiff is advised to read Rule 56 of the Federal Rules of

6  Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)

7  (party opposing summary judgment must come forward with evidence

8  showing triable issues of material fact on every essential element

9  of his claim).  Plaintiff is cautioned that because he bears the

10 burden of proving his allegations in this case, he must be prepared

11 to produce evidence in support of those allegations when he files

12 his opposition to Defendant's dispositive motion.  Such evidence

13 may include sworn declarations from himself and other witnesses to

14 the incident, and copies of documents authenticated by sworn

15 declaration.  Plaintiff will not be able to avoid summary judgment

16 simply by repeating the allegations of his complaint.

17      c.  If Defendant wishes to file a reply brief, Defendant

18 shall do so no later than thirty (30) days after the date

19 Plaintiff's opposition is filed.

20      d.  The motion shall be deemed submitted as of the date

21 the reply brief is due.  No hearing will be held on the motion

22 unless the Court so orders at a later date.

23      7.  Discovery may be taken in this action in accordance with

24 the Federal Rules of Civil Procedure.  Leave of the Court pursuant

25 to Rule 30(a)(2) is hereby granted to Defendants to depose

26 Plaintiff and any other necessary witnesses confined in prison.

27      8.  All communications by Plaintiff with the Court must be

28 served on Defendant, or Defendant's counsel once counsel has been

designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

9.   It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

10.   Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than <u>fifteen (15) days</u> prior to the deadline sought to be extended.

11.   This Order terminates Docket no. 10.

IT IS SO ORDERED.

DATED:5/11/10

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

10

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

KEVIN LAMAR HOPKINS,

          Plaintiff,

   v.

SAN FRANCISCO POLICE et al,

          Defendant.
_____/

Case Number: CV09-04578 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 11, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kevin L. Hopkins PFN #AKV-006
Santa Rita Jail
5325 Broder Blvd.
Dublin,  CA 94568

(additional documents mailed to the party listed below are:  Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments)

SFPD Officer Charles August (Badge no. 1119)
San Francisco Police Department
850 Bryant St.
San Francisco, CA 94102

(additional documents mailed to the party listed below are: a copy of the complaint )

San Francisco County Counsel's Office
1390 Market Street
San Francisco, CA 94102

Dated: May 11, 2010

                             Richard W. Wieking, Clerk
                             By: Nikki Riley, Deputy Clerk

**United States District Court**
For the Northern District of California