DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Attorney
WARREN METLITZKY, State Bar # 220758
Deputy City Attorney
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3916
Facsimile:    (415) 554-3837

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO
AND CHARLES AUGUST

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LAMAR HOPKINS,<br><br>        Plaintiffs,<br><br>    vs.<br><br>SAN FRANCISCO POLICE DEPARTMENT,<br>ET AL.<br><br>        Defendants. | Case No. 09-CV-4578 CW (PR)<br><br>**DEFENDANTS' ANSWER TO COMPLAINT**<br><br>**DEMAND FOR JURY** |

Defendants SAN FRANCISCO POLICE DEPARTMENT AND OFFICER CHARLES

AUGUST ("Defendant") responds to the Complaint ("Complaint") filed by Plaintiff KEVIN LAMAR

HOPKINS ("Plaintiff") in this action as follows:

## I.        EXHAUSTION OF ADMINISTRATIVE REMEDIES

A.        In response to Paragraph A of the complaint, Defendants are without sufficient

knowledge or information to form a belief as to the truth of the allegations contained in said

paragraph, and on that basis deny each and every allegation contained therein.

B.        In response to Paragraph B of the Complaint, Defendants admit that there is a

grievance procedure in San Francisco County Jail.

C.        In response to Paragraph C of the Complaint, Defendants deny each and every

allegation in Paragraph C and/or are without sufficient knowledge or information to form a belief as

1   to the truth of the allegations contained in said paragraph, and on that basis deny each and every

2   allegation contained therein.

3        D.     In response to Paragraph D of the Complaint, no response is required as plaintiff did

4   not complete this section of the complaint.

5        E.     In response to Paragraph E of the Complaint, no response is required as plaintiff did

6   not complete this section of the complaint.

7        F.     In response to Paragraph F of the Complaint, Defendants admit that the City has an

8   Office of Citizen Complaints.  Defendants deny each and every other allegation in Paragraph F and/or

9   are without sufficient knowledge or information to form a belief as to the truth of the allegations

10  contained in said paragraph, and on that basis deny each and every allegation contained therein.

11  **II.        PARTIES**

12       A.     In response to Paragraph A of the Complaint, Defendants deny each and every

13  allegation in Paragraph A and/or are without sufficient knowledge or information to form a belief as

14  to the truth of the allegations contained in said paragraph, and on that basis deny each and every

15  allegation contained therein.

16       B.     In response to Paragraph B of the Complaint, Defendants deny each and every

17  allegation in Paragraph B and/or are without sufficient knowledge or information to form a belief as

18  to the truth of the allegations contained in said paragraph, and on that basis deny each and every

19  allegation contained therein.

20  **III.        STATEMENT OF CLAIM**

21       III.     In response to Paragraph II of the Complaint, Defendants deny each and every

22  allegation in Paragraph III.

23  **IV.        RELIEF**

24       IV.     Paragraph IV of the Complaint contains no factual allegations, but rather Plaintiff's

25  request for relief, a statement to which no response is required.

26

27

28

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that the Complaint fails to state facts sufficient to constitute a claim against each Defendant.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that the Complaint and each and every cause of action therein is barred by the statute of limitations as set forth in California Code of Civil Procedure § 335 et seq., California Government Code § 945.6, and other applicable statutes of limitations.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that the Complaint and each and every cause of action therein is barred because Plaintiff failed to use reasonable diligence to mitigate damages allegedly sustained by them, and said failure bars or reduces the recovery, if any from Defendants.

**FOURTH AFFIRMATIVE DEFENSE**

**(Causation)**

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that that any act or omission on the part of Defendants or his agents, was not the legal cause of Plaintiff's alleged injuries.

**FIFTH AFFIRMATIVE DEFENSE**

**(No Damage To Plaintiff)**

As and for a separate, distinct affirmative defense to the Complaint, Defendants deny that Plaintiff has been damaged in any sum or sums, or otherwise, or at all, by reason of any act or omission of Defendant.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Comply With California Tort Claims Act)**

As and for a separate, distinct affirmative defense to the Complaint, Defendants alleges that to the extent Plaintiff failed to comply with provisions of the California Tort Claims Act of the California Government Code (Government Code §810 et seq.), Plaintiff's Amended Complaint is barred.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

As and for a separate, distinct affirmative defense to the Complaint, Defendants alleges that Defendants and his agents were at all times material hereto acting with both subjective and objective good faith, such that any claim for relief that Plaintiff may have is barred by law.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

As and for a separate, distinct affirmative defense to the Complaint, Defendants alleges that by reason of Plaintiff's own acts and omissions, Plaintiff is estopped from seeking any recovery from Defendants by reason of the allegations set forth in the Complaint.

**NINTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

As and for a separate, distinct affirmative defense to the Complaint, Defendants alleges that the Complaint and each cause of action therein are barred by the doctrine of unclean hands.

**TENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

As and for a separate, distinct affirmative defense to the Complaint, Defendants alleges that by reason of Plaintiff's own acts and omissions, Plaintiff has waived any right to recovery from Defendants by reason of the allegations set forth in the Complaint.

CCSF's Answer to Complaint
Hopkins v. CCSF; Case No. 09-cv-4578
4
n:\lit\li2010\101317\00639878.doc

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Common Law Immunity)**

As and for a separate, distinct affirmative defense to the Complaint, Defendants alleges that Defendant, as a member of the SFPD, is immune from any liability therein under the common law doctrine of immunity of police officers executing statutes in good faith, which statutes are presumed valid at the time of such execution.

**TWELFTH AFFIRMATIVE DEFENSE**

**(No Constitutional Violation)**

As and for a separate, distinct affirmative defense to the Complaint, Defendants alleges that the Complaint fails to state a violation of any of the provisions of the United States Constitution cited by Plaintiff and applicable to this action.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(No Discrimination Against Plaintiff)**

As and for a separate, distinct affirmative defense to the Complaint, Defendants alleges that Defendants in no way based his decisions and actions at issue herein, or his treatment of Plaintiff, on any group or identification to which Plaintiff might belong including race, gender, sexual orientation, political affiliation, political beliefs, or any other classification. At all times, Defendants and his agents acted properly in valid law enforcement activities.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Qualified/Absolute Immunity)**

As and for a separate, distinct affirmative defense to the Complaint, Defendants allege that they enjoy qualified immunity, and/or absolute immunity against each and every one of Plaintiff's federal claims.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Discretionary Immunity)**

As and for a separate, distinct affirmative defense to the Complaint, Defendants alleges that he enjoys discretionary immunity pursuant to California Government Code §820.2 against each and every one of Plaintiff's state claims.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Frivolous Lawsuit)

As and for a separate, distinct affirmative defense to the Complaint, Defendants alleges that Plaintiff's maintenance of this action is frivolous, vexatious and unreasonable, thereby entitling Defendants to sanctions and appropriate remedies (including without limitation attorney's fees) against Plaintiff.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Intent to Harm)

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, Defendants alleges that at all times and places mentioned in the Complaint, Defendants acted without malice and with a good faith belief in the propriety of their conduct, and did not intend to harm or deprive Plaintiff of any rights under federal or state constitutions, or federal or state statutes.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Discharge of Duties in Good Faith)

As a separate and affirmative defense to the Complaint and to each and every allegation set forth therein, Defendants alleges that at all times mentioned in the Complaint, Defendants performed and discharged in good faith each and every obligation, if any, owed to Plaintiff.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Privilege, Justification)

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, Defendants alleges that his conduct at all times material herein was privileged and/or justified under applicable law.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Supervening Events)

As and for a separate, distinct affirmative defense to the Complaint, Defendants alleges that any injury suffered by Plaintiff was caused by supervening events over which Defendants had no control.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Comparative Negligence)

As and for a separate, distinct affirmative defense to the Complaint, Defendants alleges by way of a plea of comparative negligence that Plaintiff was negligent in and about the matters and activities alleged in said Complaint; that said negligence contributed to and was a proximate cause of Plaintiff's alleged injuries and damages, if any, or was the sole cause thereof; and that if Plaintiff is entitled to recover damages against this Defendants by virtue of said Complaint, Defendants prays that the recovery be diminished or extinguished by reason of the negligence of the Plaintiff in proportion to the degree of fault attributable to the Plaintiff.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Plaintiff's Recklessness)

As and for a separate, distinct affirmative defense to the Complaint, Defendants alleges that at all times mentioned in Plaintiff's Complaint herein, Plaintiff acted in a careless, reckless, wanton and negligence manner in and about the matters set forth in the Complaint; that such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by Plaintiff; that as a consequence, Plaintiff's claims are barred.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Fault of Others)

As and for a separate, distinct affirmative defense to the Complaint, Defendants alleges that the fault of persons other than Defendants contributed to and proximately caused the occurrence; and that under the principles formulated in the case of *American Motorcycle Association v. Superior Court*, 20 Cal. 3d 578 (1978), Defendants pray that the percentage of such contribution be established by special verdict or other procedure, and that Defendant's ultimate liability be reduced to the extent of such contribution.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Statutory Immunity)

The City and its employees are immune from all liability alleged in the complaint and each and every cause of action therein pursuant to Government Code Sections 815(b); 815.2(b); 815.4;

818.4; 818.6, 818.7; 818.8; 820(b); 820.2; 820.4; 820.6; 820.8; 821; 821.2; 821.4; 821.6; 821.8; 822;
822.2; 830.2; 830.4; 830.6; 830.8; 830.9; 831; 831.2; 831.25; 831.3; 831.4; 831.5; 831.6; 831.7;
831.8;  835.4; 840.6; 844.6; 845; 845.2; 845.4; 845.6; 845.8; 846; 850; 850.2; 850.4; 854.8; 855;
855.2; 855.4; 855.6; 855.8; 856; 856.2; 856.4; California Vehicle Code sections 16004 and 17004.7;
California Penal Code sections 142, 148, 409, 834a, 834, 835, 835a, 836, 844, 845, 847, 849, 1531
and 1532; California Welfare and Institutions Code sections 5150, 5113, 5153, 5154, 5173; and Civil
Code section 43.5 and related provisions of these code sections and interpretative case law.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Self Defense And Defense Of Others)

Defendants allege that if in fact any force was used against plaintiff, said use of force was the
lawful exercise of the right of self-defense and defense of the public and privileged and/or justified by
law, and any recovery pursuant to said use of force is barred.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Res Judicata and Claim Splitting)

The complaint and each and every cause of action therein is barred by res judicata and the
case law prohibiting a plaintiff from "splitting" claims or causes of action.  *Ferraro v. Southern Cal.
Gas Co.*, 102 Cal.App.3d 33, 41 (1980).

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff has unnecessarily delayed in protecting the right or rights asserted and have
unreasonably delayed in bringing this action, and are therefore guilty of laches and are consequently
not entitled to the relief sought.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Prison Litigation Reform Act)

Defendants allege that all or some of plaintiff's claims for relief are barred by the Prison
Litigation Reform Act, including but not limited to the requirement of exhaustion of administrative
remedies.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Assumption Of The Risk)**

Plaintiff had full knowledge of the risk involved in the activity in which plaintiff were engaged at the time of the occurrence of the incident set forth in the complaint.  Plaintiff voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in the complaint, and the loss or damage, if any, sustained by plaintiff was caused by those risks.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Lack of Personal Jurisdiction Over Defendants)**

Defendants allege that the Court lacks personal jurisdiction over Defendants as a result of plaintiff's failure to comply with the Federal Rules of Civil Procedure and the requirements of federal due process.

**ADDITIONAL AFFIRMATIVE DEFENSES**

Defendants presently have insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available.  Defendants reserve the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff takes nothing from Defendants;

2. That the Complaint against Defendants be dismissed with prejudice;

3. That Defendants recover their costs of suit herein, including attorneys' fees; and

4. For such other relief as is just and proper.

Dated:  July 12, 2010

DENNIS J. HERRERA
City Attorney
JOANNE HOEPER
Chief Trial Deputy
WARREN METLITZKY
Deputy City Attorney


By:  s/*Warren Metlitzky*
WARREN METLITZKY
Attorneys for Defendants

**DEMAND FOR JURY TRIAL**

Defendants demand a trial by jury on all counts of Plaintiff's Complaint.


Dated:  July 12, 2010

DENNIS J. HERRERA
City Attorney
JOANNE HOEPER
Chief Trial Deputy
WARREN METLITZKY
Deputy City Attorney


By:  s/*Warren Metlitzky*
WARREN METLITZKY
Attorneys for Defendant

**PROOF OF SERVICE**

I, Anita Murdock, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action.  I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On July 12, 2010, I served the following document(s):

**DEFENDANTS' ANSWER TO COMPLAINT AND DEMAND FOR JURY**

on the following persons at the locations specified:

Kevin Hopkins, V76611
1950 University Avenue, #100
Berkeley, CA  94704
Email:  klhopkins65@yahoo.com
*In Pro Per*

in the manner indicated below:

☒     **BY UNITED STATES MAIL**:  Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service.  I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail.  In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☐     **BY PERSONAL SERVICE**:  I sealed true and correct copies of the above documents in addressed envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service.  **A declaration from the messenger who made the delivery** ☐ **is attached** or ☐ **will be filed separately with the court.**

☐     **BY OVERNIGHT DELIVERY**:  I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and delivery by overnight courier service.  I am readily familiar with the practices of the San Francisco City Attorney's Office for sending overnight deliveries. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be collected by a courier the same day.

☐     **BY FACSIMILE**:  Based on a written agreement of the parties to accept service by fax, I transmitted true and correct copies of the above document(s) via a facsimile machine at telephone number Fax #' to the persons and the fax numbers listed above.  The fax transmission was reported as complete and without error.  The transmission report was properly issued by the transmitting facsimile machine, and **a copy of the transmission report** ☐ **is attached** or ☐ **will be filed separately with the court.**

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed July 12, 2010, at San Francisco, California.

_____
/s/
Anita Murdock