IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LAMAR HOPKINS,<br><br>            Plaintiff,<br>    v.<br><br>SAN FRANCISCO POLICE OFFICER<br>CHARLES AUGUST, et al.,<br><br>            Defendants.<br>_____/ | No. C 09-4578 CW (PR)<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION TO COMPEL PLAINTIFF'S<br>DISCOVERY RESPONSES AND<br>DEPOSITION; GRANTING THEIR<br>REQUEST FOR AN EXTENSION OF<br>TIME TO FILE A DISPOSITIVE<br>MOTION; AND SETTING BRIEFING<br>SCHEDULE |

     Before the Court is Defendants' motion to compel Plaintiff to provide discovery responses and to appear for a deposition.

     On August 11, 2010, Defendants served Plaintiff with "requests for production and special interrogatories."  (Mot. Compel at 2.)  Plaintiff only responded to "Special Interrogatories Nos. 8-25."  (Id.)  On November 25, 2010, Defendants attempted to seek responses to the "Special Interrogatories Nos. 1-7"; however, Plaintiff has not yet responded.

     Plaintiff has also failed to appear for his deposition twice.  Defendants duly noticed Plaintiff's depositions for September 27, 2010 and December 2, 2010.  (Id. at 3.)  Plaintiff served no objection to the notices setting his deposition for those dates.[1]  (Id.)  Instead, on January 11, 2011, Plaintiff has filed a "Motion

---

[1] Plaintiff, who is currently incarcerated at San Quentin State Prison, was out of custody when these depositions were scheduled.  He did not respond to Defendants' deposition notices, which were served "at the address identified by Hopkins as his address for the purpose of this litigation." (Mot. to Compel at 3.)  Plaintiff contacted Defendants' counsel after the scheduled deposition on September 27, 2010, and "stated that the parties would have to reschedule his deposition."  (Id.)  In a document filed on January 28, 2011 entitled "Ex Parte Communication Regarding Address Issue," Plaintiff argues that he "was never timely informed of [the] Dec. 2, 2010 deposition." (Jan. 28, 2011 Ex Parte Communication at 1.)

for Reconsideration for Appointment of Counsel," stating: "Plaintiff ask[s] for reconsideration in the earlier request for appointment of counsel. The Courts has ordered Defendants to now depose Plaintiff. Plaintiff not fully knowing what his right are gives the defendants complete advantage over Plaintiff." (Req. for Atty. at 1.) Plaintiff's refusal to be deposed is without justification. He seems to be asking the Court to appoint counsel to represent him at his deposition. He also alleges that he suffers from a "mental health issue," for which he takes "anti-psychotic meds." (Id.) However, there is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. See Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981). The Court is unable to assess at this time whether exceptional circumstances exist which would warrant seeking volunteer counsel to accept a pro bono appointment. The proceedings are at an early stage and it is premature for the Court to determine Plaintiff's likelihood of success on the merits. Furthermore, to the extent that Plaintiff seeks to have counsel represent him at his deposition, such a request is not warranted. Therefore, Plaintiff's "Motion for Reconsideration for Appointment of Counsel" (docket no. 27) is DENIED.

    The Court directs the parties to schedule another deposition of Plaintiff, as provided below. A plaintiff must prosecute his case with "reasonable diligence" to avoid dismissal. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). Thus, Plaintiff shall attend and testify at his deposition, even if he is not represented by counsel. Plaintiff shall also submit his answers to

Defendants' request for responses to the "Special Interrogatories Nos. 1-7."  Therefore, the Court GRANTS Defendants' motion to compel Plaintiff's discovery responses and to appear for a deposition (docket no. 28).

Defendants move the Court to issue an Order to Show Cause (OSC) as to why this action should not be dismissed for failure to prosecute, and they request sanctions in the amount of $800 for time spent preparing and prosecuting this motion.  Plaintiff has filed an "Opposition to Defendants' Motion Requesting Sanctions and Extension of Time to Depose Plaintiff."  (Jan. 28, 2011 Opp'n at 1.)  Because the Court will give Plaintiff one final chance to sit for a complete deposition, the Court DENIES Defendants' requests for the Court to issue an OSC and to require sanctions in the amount of $800.

Also before the Court is Defendants' request for a ninety-day extension of time, up to and including June 15, 2011, in which to file a dispositive motion.[2]  Defendants' request for extension of time to file dispositive motion is GRANTED.  The parties shall abide by the briefing schedule outlined below.

## CONCLUSION

For the reasons outlined above,

1. Plaintiff's "Motion for Reconsideration for Appointment of Counsel" (docket no. 27) is DENIED.  The Court will consider appointment of counsel later in the proceedings, after Defendants have filed their dispositive motion and the Court has a better understanding of the procedural and substantive matters at issue.

---

[2] Defendants' dispositive motion is presently due on March 15, 2011.

3

Therefore, Plaintiff may file a renewed motion for the appointment of counsel after Defendants' dispositive motion has been filed. If the Court decides that appointment of counsel is warranted at that time, it will seek volunteer counsel to agree to represent Plaintiff pro bono.

2. Defendants' motion to compel Plaintiff's discovery responses and to appear for a deposition (docket no. 28) is GRANTED. Plaintiff shall submit his answers to Defendants' request for responses to the "Special Interrogatories Nos. 1-7" no later than thirty (30) days from the date of this Order. Defendants will notice another deposition of Plaintiff. Plaintiff shall testify at the properly noticed deposition even if he is not represented by counsel. If he does not complete this deposition, the Court will dismiss his claim with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b), failure to comply with a court order under Rule 37(b), and failure to attend his deposition under Rule 37(d).

3. Defendants' request for an extension of time to file a dispositive motion is GRANTED. Defendants shall file their dispositive motion no later than June 15, 2011. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than sixty (60) days after the date Defendants' motion is filed. If Defendants wish to file a reply brief, they shall do so no later than thirty (30) days after the date Plaintiff's opposition is filed.

No further extensions of time will be granted in this case absent exigent circumstances.

4. The hearing noticed in this matter on Defendants' "Motion

4

to Compel Responses to Discovery and to Appear at Deposition" for March 3, 2011 at 2:00 p.m. is hereby VACATED.

     5.   This Order terminates Docket nos. 27 and 28.

     IT IS SO ORDERED.

DATED: 2/4/2011

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

KEVIN LAMAR HOPKINS,

    Plaintiff,

v.

SAN FRANCISCO POLICE et al,

    Defendant.

Case Number: CV09-04578 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 4, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kevin L. Hopkins V76611
San Quentin State Prison
San Quentin, CA 94974

Dated: February 4, 2011

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk