1

2

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

KEVIN LAMAR HOPKINS,                        No. C 09-4578 CW (PR)

4

         Plaintiff,                          ORDER DENYING PLAINTIFF'S
    v.                                       MOTIONS FOR APPOINTMENT OF
                                             COUNSEL, TO COMPEL DISCOVERY
5                                            AND FOR COURT-ORDERED ACCESS
SAN FRANCISCO POLICE OFFICER                 TO LITIGATION MATERIALS;
6  CHARLES AUGUST,                           REFERRING CASE TO PRO SE
                                             PRISONER SETTLEMENT PROGRAM
7         Defendant.
   _____/

8

9        The instant complaint filed by pro se Plaintiff Kevin Lamar

10  Hopkins alleges two causes of action against Defendant San

11  Francisco Police Officer Charles August.  Specifically, Plaintiff

12  alleges that on September 1, 2009, after being taken into custody

    by the San Francisco Police Department, Defendant August used

13  excessive force against Plaintiff while Plaintiff was being booked

14  at the police station and then acted with deliberate indifference

15  to Plaintiff's serious medical needs by refusing to summon medical

16  care for Plaintiff's injuries.

17       In its Order of Service, the Court directed Defendant to

18  respond to Plaintiff's allegations and to file a motion for summary

19  judgment or other dispositive motion or to inform the Court if

20  Defendant is of the opinion that this case cannot be resolved by

21  summary judgment.  Defendant recently informed the Court that he

22  does not intend to file a motion for summary judgment.

23  Accordingly, the case will be referred to the Court's Pro Se

24  Prisoner Settlement Program for settlement proceedings, as set

25  forth in the Conclusion of this Order.

26  A.   Motion for Appointment of Counsel

27       Plaintiff has moved for the appointment of counsel to

28

**United States District Court**
For the Northern District of California

represent him at trial.  The Court previously denied two requests by Plaintiff for the appointment of counsel because the Court was not able to assess whether exceptional circumstances exist which would warrant seeking volunteer counsel to accept a pro bono appointment.  At this point in the proceedings the circumstances have not changed and the Court finds Plaintiff is not in need of counsel to represent him at court-ordered settlement proceedings.  Accordingly, Plaintiff's request for the appointment of counsel is DENIED.

B.   Motion to Compel Discovery

On March 11, 2011 Plaintiff filed a motion to compel Defendant's responses to interrogatories and other discovery requests.  On March 18, 2011 Defendant responded to Plaintiff's motion, arguing the motion should be denied because Plaintiff had made no attempt to meet and confer with the defense before filing the motion despite Defendant's compliance with Plaintiff's requests or legitimate objections thereto, and Defendant's agreement to produce certain records and information to Plaintiff once that information was received by the City Attorney.

Shortly thereafter, the parties submitted to the Court a stipulation and proposed protective order governing Defendant's provision of certain confidential documents to Plaintiff.  The Court signed the protective order on April 26, 2011.

In view of the parties' stipulation, the signed protective order and the fact that no additional discovery concerns have been submitted to the Court since the protective order was signed, the Court will DENY Plaintiff's motion to compel as moot.

//

United States District Court
For the Northern District of California

C.    <u>Motion for Order to Provide Access to Litigation Materials</u>

On May 12, 2011 Plaintiff, who is incarcerated currently at the West County Detention Facility in Contra Costa County, filed a motion complaining that jail officials are not respecting his <u>pro per</u> status and asking the Court to compel them to provide him with access to writing materials, library access, unlimited postage and other supplies he maintains are essential to his litigating his pending actions in this court.

The Court finds such intervention in jail procedures unwarranted at this time.  In particular, the Court notes that Plaintiff recently filed in this matter a type-written request renewing his motion for appointment of counsel, as well as a type-written complaint in a newly-filed action in this court, <u>see Hopkins v. Contra Costa County Sheriff's Office, et al.</u>, No. C 11-02803 JSW (PR) (complaint filed June 8, 2011).  Additionally, Plaintiff currently has no outstanding deadlines to meet in this case.  Accordingly, Plaintiff's motion for court-ordered access to litigation materials is DENIED.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.    Plaintiff's motion for the appointment of counsel is DENIED.

2.    Plaintiff's motion to compel discovery is DENIED.

3.    Plaintiff's motion for court-ordered access to litigation materials is DENIED.

4.    The Northern District of California has established a Pro Se Prisoner Settlement Program.  Certain prisoner civil rights cases may be referred to a magistrate judge for a settlement

3

conference.  The Court finds that a referral is in order now that Defendant has informed the Court that he does not intend to file a motion for summary judgment.  Thus, this case is REFERRED to Magistrate Judge Nandor Vadas for a settlement conference.

The conference shall take place within one-hundred-twenty (120) days of the date of this Order, or as soon thereafter as is convenient to the magistrate judge's calendar.  Magistrate Judge Vadas shall coordinate a time and date for the conference with all interested parties and/or their representatives and, within ten (10) days after the conclusion of the conference, file with the Court a report regarding the conference.

The Clerk shall provide a copy of this Order, and copies of documents from the court file that are not accessible electronically, to Magistrate Judge Vadas.

5.   The Clerk shall send a copy of this Order to Plaintiff.

6.   The Clerk shall prepare an Order for Pretrial Preparation, setting the case for a pretrial conference and a five-day jury trial.

7.   This Order terminates Docket nos. 40, 45 and 48.

IT IS SO ORDERED.

DATED: 7/12/2011

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

KEVIN LAMAR HOPKINS,

        Plaintiff,

  v.

SAN FRANCISCO POLICE et al,

        Defendant.
_____/

Case Number: CV09-04578 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 12, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kevin L. Hopkins CC11C2851
West County Detention Facility
5555 Giant Highway
Richmond,  CA 94806

Dated: July 12, 2011

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk

United States District Court
For the Northern District of California

5