1   DENNIS J. HERRERA, State Bar #139669
    City Attorney
2   JOANNE HOEPER, State Bar #114961
    Chief Trial Attorney
3   WARREN METLITZKY, State Bar # 220758
    LEILA K. MONGAN, State Bar # 271287
4   Deputy City Attorneys
    1390 Market Street, 6th Floor
5   San Francisco, California 94102-5408
    Telephone:     (415) 554-3916 [Metlitzky]
6   Telephone:     (415) 554-3915 [Mongan]
    Facsimile:     (415) 554-3837
7
8   Attorneys for Defendants
    CITY AND COUNTY OF SAN FRANCISCO
9   AND CHARLES AUGUST

10

11                  UNITED STATES DISTRICT COURT

12               NORTHERN DISTRICT OF CALIFORNIA

13   KEVIN LAMAR HOPKINS,                    Case No. 09-CV-4578 CW

14              Plaintiff,                   **DEFENDANTS' PROPOSED JURY
                                             INSTRUCTIONS**
15       vs.

16   SAN FRANCISCO POLICE DEPARTMENT[1]      Trial Date:      January 5, 2012
     OFFICER CHARLES AUGUST, et al.
17
                Defendants.
18

19

20          Defendants request that the Court provide the following instructions to the jury.

21

22

23

24

25

26   _____
         [1] The San Francisco Police Department is not a separate legal entity apart from the City and
27   County of San Francisco.

28

Defendants' Proposed Jury Instructions
Hopkins v. SFPD, et al., Case No. 09-cv-4578 CW

Dated:  November 22, 2011                    DENNIS J. HERRERA
                                            City Attorney
                                            JOANNE HOEPER
                                            Chief Trial Deputy
                                            WARREN METLITZKY
                                            LEILA K. MONGAN
                                            Deputy City Attorneys


                                   By:  s/Leila K. Mongan
                                        LEILA K. MONGAN

                                        Attorneys for Defendants
                                        CITY AND COUNTY OF SAN FRANCISCO
                                        AND CHARLES AUGUST

1

## **TABLE OF CONTENTS**

2   PROPOSED INSTRUCTION NO. 1 ..................................................................................4

3       DUTY OF JURY

    PROPOSED INSTRUCTION NO. 2 ..................................................................................5
4
        CLAIMS AND DEFENSES
5
    PROPOSED INSTRUCTION NO. 3 ..................................................................................6
6
        BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE
7
    PROPOSED INSTRUCTION NO. 4 ..................................................................................7
8
        OBLIGATION TO PROVE—MORE LIKELY TRUE THAN NOT TRUE
9
    PROPOSED INSTRUCTION NO. 5 ..................................................................................7
10
        TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS
11
    PROPOSED INSTRUCTION NO. 6 ..................................................................................9
12
        NON-PERSON PARTY
13
    PROPOSED INSTRUCTION NO. 7 ..................................................................................9
14
        SELF-REPRESENTED PARTY
15
    PROPOSED INSTRUCTION NO. 8 ................................................................................10
16
        WHAT IS EVIDENCE
17
    PROPOSED INSTRUCTION NO. 9 ................................................................................12
18
        WHAT IS NOT EVIDENCE
19
    PROPOSED INSTRUCTION NO. 10 ..............................................................................13
20
        EVIDENCE FOR LIMITED PURPOSE
21
    PROPOSED INSTRUCTION NO. 11 ..............................................................................14
22
        DIRECT AND CIRCUMSTANTIAL EVIDENCE
23
    PROPOSED INSTRUCTION NO. 12 ..............................................................................14
24
        RULING ON OBJECTIONS
25
    PROPOSED INSTRUCTION NO. 13 ..............................................................................15
26
        CREDIBILITY OF WITNESSES

    PROPOSED INSTRUCTION NO. 14 ..............................................................................16
27
        IMPEACHMENT—INCONSISTENT STATEMENT OR CONDUCT
28
    PROPOSED INSTRUCTION NO. 15 ..............................................................................17

        FAILURE TO EXPLAIN OR DENY EVIDENCE

    PROPOSED INSTRUCTION NO. 16 ..............................................................................18

        CONDUCT OF THE JURY

i

PROPOSED INSTRUCTION NO. 17.................................................................20

    NO TRANSCRIPT AVAILABLE TO JURY

PROPOSED INSTRUCTION NO. 18.................................................................21

    TAKING NOTES

PROPOSED INSTRUCTION NO. 19.................................................................22

    BENCH CONFERENCES AND RECESSES

PROPOSED INSTRUCTION NO. 20.................................................................23

    OUTLINE OF TRIAL

PROPOSED INSTRUCTION NO. 21.................................................................24

    DEPOSITION IN LIEU OF LIVE TESTIMONY

PROPOSED INSTRUCTION NO. 22.................................................................25

    IMPEACHMENT EVIDENCE—WITNESS

PROPOSED INSTRUCTION NO. 23.................................................................26

    WITNESS WILLFULLY FALSE

PROPOSED INSTRUCTION NO. 24.................................................................27

    DISCREPANCIES IN TESTIMONY

PROPOSED INSTRUCTION NO. 25.................................................................28

    USE OF INTERROGATORIES OF A PARTY

PROPOSED INSTRUCTION NO. 26.................................................................29

    EXPERT OPINION

PROPOSED INSTRUCTION NO. 27.................................................................30

    EXPERT OPINION—QUESTIONS CONTAINING ASSUMED FACTS

PROPOSED INSTRUCTION NO. 28.................................................................31

    DUTY TO DELIBERATE

PROPOSED INSTRUCTION NO. 29.................................................................32

    COMMUNICATION WITH COURT

PROPOSED INSTRUCTION NO. 30.................................................................33

    RETURN OF VERDICT

PROPOSED INSTRUCTION NO. 31.................................................................34

    SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION

PROPOSED INSTRUCTION NO. 32.................................................................35

    SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL
    CAPACITY—ELEMENTS AND BURDEN OF PROOF

PROPOSED INSTRUCTION NO. 33.................................................................36

    PLAINTIFF MUST PROVE INDIVIDUAL CONDUCT BY OFFICER AUGUST

PROPOSED INSTRUCTION NO. 34.................................................................................37

CAUSATION

PROPOSED INSTRUCTION NO. 35.................................................................................38

PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE
SEIZURE OF PERSON—EXCESSIVE FORCE

PROPOSED INSTRUCTION NO. 36.................................................................................40

PARTICULAR RIGHTS—FOURTEENTH AMENDMENT—DUE PROCESS
CLAUSE—PRISONER'S CLAIM RE CONDITIONS OF CONFINEMENT/
MEDICAL CASE

PROPOSED INSTRUCTION NO. 37.................................................................................42

OFFICER AUGUST NOT LIABLE FOR ALL INJURIES WHILE IN POLICE
CUSTODY

PROPOSED INSTRUCTION NO. 38.................................................................................43

DETENTION—USE OF REASONABLE FORCE—DUTY TO SUBMIT

PROPOSED INSTRUCTION NO. 39.................................................................................44

PEACE OFFICER NOT REQUIRED TO USE LEAST AMOUNT OF FORCE
POSSIBLE

PROPOSED INSTRUCTION NO. 40.................................................................................45

LACK OF COOPERATION CAN JUSTIFY USE OF FORCE

PROPOSED INSTRUCTION NO. 41.................................................................................46

DAMAGES—PROOF

PROPOSED INSTRUCTION NO. 42.................................................................................47

PLEADINGS OR ARGUMENT NOT EVIDENCE OF DAMAGES

PROPOSED INSTRUCTION NO. 43.................................................................................48

DAMAGES—MITIGATION

PROPOSED INSTRUCTION NO. 44.................................................................................49

ADDITIONAL INSTRUCTIONS OF LAW

PROPOSED INSTRUCTION NO. 45.................................................................................50

DEADLOCKED JURY

**PROPOSED INSTRUCTION NO. 1**
**DUTY OF JURY**

(Model Instruction)


Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.


Authority:

Ninth Circuit Model Civil Jury Instruction No. 1.1B (April 25, 2007).

**PROPOSED INSTRUCTION NO. 2**

**CLAIMS AND DEFENSES**

(Model Instruction)

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff is Kevin Hopkins.  The defendants are the City and County of San Francisco and police officer Charles August.

On September 1, 2009, plaintiff Kevin Hopkins was arrested and taken to Central Police Station.  He was placed on a bench in the holding area.  Another prisoner, Darrell Proctor, was brought in and placed on the bench next to Mr. Hopkins.  Mr. Proctor and Mr. Hopkins began to argue, and Mr. Hopkins kicked Mr. Proctor.  Officer Charles August saw the commotion, went into the holding area and separated the two prisoners.  Plaintiff Kevin Hopkins claims that defendant Officer August choked him and shook him so that his head banged against the wall.  Plaintiff also claims that Officer August failed to provide plaintiff with access to medical treatment for the injuries caused.  The plaintiff has the burden of proving these claims.

The defendants deny those claims and deny that Officer August did anything wrong.  Defendants contend that Officer August merely pushed plaintiff's shoulders down in an effort to make plaintiff sit down and stop kicking Mr. Proctor.  Defendants further contend that Officer August did not deny plaintiff medical treatment for any injuries.  Defendants also dispute the nature and extent of plaintiff's injuries and damages.

Authority:

Ninth Circuit Model Civil Jury Instruction No. 1.2 (April 25, 2007).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROPOSED INSTRUCTION NO. 3

## BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

(Model Instruction)


When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.


Authority:

Ninth Circuit Model Civil Jury Instruction No. 1.3 (April 25, 2007).

**PROPOSED INSTRUCTION NO. 4**

**OBLIGATION TO PROVE—MORE LIKELY TRUE THAN NOT TRUE**

(Model Instruction)


A party must persuade you, by the evidence presented in court, that what he or she is required to prove is more likely to be true than not true.  This is referred to as "the burden of proof."

After weighing all of the evidence, if you cannot decide that something is more likely to be true than not true, you must conclude that the party did not prove it.  You should consider all the evidence, no matter which party produced the evidence.

In criminal trials, the prosecution must prove that the defendant is guilty beyond a reasonable doubt.  But in civil trials, such as this one, the party who is required to prove something need prove only that it is more likely to be true than not true.


Authority:

CACI No. 200 (2011).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROPOSED INSTRUCTION NO. 5

### TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS

(Model Instruction)


You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.


Authority:

Ninth Circuit Model Civil Jury Instruction No. 1.5 (April 25, 2007).

**PROPOSED INSTRUCTION NO. 6**

**NON-PERSON PARTY**

(Model Instruction)


The City and County of San Francisco is a party in this lawsuit. The City and County of San Francisco is entitled to the same fair and impartial treatment that you would give to an individual. You must decide this case with the same fairness that you would use if you were deciding the case between individuals.

When I use words like "person" or "he" or "she" in these instructions to refer to a party, those instructions also apply to the City and County of San Francisco.


Authority:

CACI No. 104 (2011).

**PROPOSED INSTRUCTION NO. 7**

**SELF-REPRESENTED PARTY**

(Special Instruction)

Plaintiff Kevin Hopkins is representing himself in this action.  When I use the terms "counsel," "attorney"  or "lawyer" in these instructions to refer a party's attorney, those terms also apply to plaintiff Kevin Hopkins.

A civil litigant has a right to act as his own attorney, but he is subject to the same rules required of parties who are represented by attorneys.  A self-represented litigant is not entitled to any special privileges or treatment that would not be given to a represented party.  You must decide this case with the same fairness that you would use if you were deciding a case with both parties represented by counsel.

Authority:

*Carter v. CIR*, 784 F.2d 1006, 1009 (9th Cir. 1986).

**PROPOSED INSTRUCTION NO. 8**

**WHAT IS EVIDENCE**

(Model Instruction)

The evidence you are to consider in deciding what the facts are consists of:

      1. the sworn testimony of any witness;

      2. the exhibits which are received into evidence; and

      3. any facts to which the lawyers have agreed.

Authority:

Ninth Circuit Model Civil Jury Instruction No. 1.6 (April 25, 2007).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROPOSED INSTRUCTION NO. 9**

**WHAT IS NOT EVIDENCE**

(Model Instruction)

     In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

     (1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

     (2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

     (3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose; when I [give] [have given] a limiting instruction, you must follow it.

     (4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

     Authority:

Ninth Circuit Model Civil Jury Instruction No. 1.7 (April 25, 2007).

**PROPOSED INSTRUCTION NO. 10**

**EVIDENCE FOR LIMITED PURPOSE**

(Model Instruction)


Some evidence may be admitted for a limited purpose only.  When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [*describe purpose*] and for no other purpose.]


Authority:

Ninth Circuit Model Civil Jury Instruction No. 1.8 (April 25, 2007).

## PROPOSED INSTRUCTION NO. 11

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

(Model Instruction)

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

Authority:

Ninth Circuit Model Civil Jury Instruction No. 1.9 (April 25, 2007).

**PROPOSED INSTRUCTION NO. 12**

**RULING ON OBJECTIONS**

(Model Instruction)


There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.


Authority:

Ninth Circuit Model Civil Jury Instruction 1.10 (April 25, 2007).

Defendants' Proposed Jury Instructions
Hopkins v. SFPD, et al., Case No. 09-cv-4578 CW
15
n:\lit\li2010\101317\00734807.doc

## PROPOSED INSTRUCTION NO. 13

### CREDIBILITY OF WITNESSES

(Model Instruction)


In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.


Authority:

Ninth Circuit Model Civil Jury Instruction No. 1.11 (April 25, 2007).

## PROPOSED INSTRUCTION NO. 14

### IMPEACHMENT—INCONSISTENT STATEMENT OR CONDUCT

(Model Instruction)

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Authority:

Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, 3 Federal Jury Practice and Instructions (6th ed. 2011), § 105.04.

Defendants' Proposed Jury Instructions
Hopkins v. SFPD, et al., Case No. 09-cv-4578 CW
17
n:\lit\li2010\101317\00734807.doc

## PROPOSED INSTRUCTION NO. 15

### FAILURE TO EXPLAIN OR DENY EVIDENCE

(Model Instruction)


You may consider whether a party failed to explain or deny some unfavorable evidence. Failure to explain or to deny unfavorable evidence may suggest that the evidence is true.


Authority:

CACI No. 2.05 (2011).

### PROPOSED INSTRUCTION NO. 16

### CONDUCT OF THE JURY

(Model Instruction)

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire

trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

Authority:

Ninth Circuit Model Civil Jury Instruction No. 1.12 (October 2009).

**<u>PROPOSED INSTRUCTION NO. 17</u>**

**NO TRANSCRIPT AVAILABLE TO JURY**

(Model Instruction)


      During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

      If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.


      <u>Authority:</u>

Ninth Circuit Model Civil Jury Instruction 1.13 (April 25, 2007).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROPOSED INSTRUCTION NO. 18

### TAKING NOTES

(Model Instruction)


If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the [*courtroom*] [*jury room*] [*envelope in jury room*].  No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.


Authority:

Ninth Circuit Model Civil Jury Instruction 1.14 (April 25, 2007).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROPOSED INSTRUCTION NO. 19

**BENCH CONFERENCES AND RECESSES**

(Model Instruction)

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess. Please understand that while you [are] [were] waiting, we [are] [were] working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum. I [may] [did] not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Authority:

Ninth Circuit Model Civil Jury Instruction No. 1.18 (April 25, 2007).

## PROPOSED INSTRUCTION NO. 20

### OUTLINE OF TRIAL

(Model Instruction)

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Authority:

Ninth Circuit Model Civil Jury Instruction No. 1.19 (April 25, 2007).

## PROPOSED INSTRUCTION NO. 21

### DEPOSITION IN LIEU OF LIVE TESTIMONY

(Model Instruction)

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of [*witness*] was taken on [*date*].  You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Authority:

Ninth Circuit Model Civil Jury Instruction No. 2.4 (April 25, 2007).

**<u>PROPOSED INSTRUCTION NO. 22</u>**

**IMPEACHMENT EVIDENCE—WITNESS**

(Model Instruction)


The evidence that a witness [e.g., has been convicted of a crime, lied under oath on a prior occasion, etc.] may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.


<u>Authority:</u>

Ninth Circuit Model Civil Jury Instruction No. 2.8 (April 25, 2007).

## PROPOSED INSTRUCTION NO. 23

**WITNESS WILLFULLY FALSE**

(Model Instruction)

    A witness, who is willfully false in one material part of his or her testimony, is to be distrusted in others.  You may reject the whole testimony of a witness who willfully has testified falsely as to a material point, unless, from all the evidence, you believe the probability of truth favors his or her testimony in other particulars.

Authority:

BAJI No. 2.22 (2011).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROPOSED INSTRUCTION NO. 24**

**DISCREPANCIES IN TESTIMONY**

(Model Instruction)

Discrepancies in a witness' testimony or between a witness' testimony and that of other witnesses, if there were any, do not necessarily mean that any witness should be discredited. Failure of recollection is common.  Innocent misrecollection is not uncommon.  Two persons witnessing an incident or a transaction often will see or hear it differently.  You should consider whether a discrepancy pertains to an important matter or only to something trivial.

Authority:

BAJI No. 2.21 (2011).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROPOSED INSTRUCTION NO. 25

## USE OF INTERROGATORIES OF A PARTY

(Model Instruction)


Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers [have been] [were] given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.


Authority:

Ninth Circuit Model Civil Jury Instruction No. 2.10 (April 25, 2007).

## PROPOSED INSTRUCTION NO. 26

### EXPERT OPINION

(Model Instruction)


Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.


Authority:

Ninth Circuit Model Civil Jury Instruction No. 2.11 (April 25, 2007).

# PROPOSED INSTRUCTION NO. 27

## EXPERT OPINION—QUESTIONS CONTAINING ASSUMED FACTS

(Model Instruction)

The law allows expert witnesses to be asked questions that are based on assumed facts. These are sometimes called "hypothetical questions."

In determining the weight to give to the expert's opinion that is based on the assumed facts, you should consider whether the assumed facts are true.

Authority:

CACI No. 220 (2011).

## PROPOSED INSTRUCTION NO. 28

### DUTY TO DELIBERATE

(Model Instruction)

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.


Authority:

Ninth Circuit Model Civil Jury Instruction No. 3.1 (April 25, 2007).

1

2

3

4

## PROPOSED INSTRUCTION NO. 29

## COMMUNICATION WITH COURT

(Model Instruction)

5

6

7

8

9

10

11

12

13

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

14

15

16

Authority:

Ninth Circuit Model Civil Jury Instruction No. 3.2 (April 25, 2007).

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROPOSED INSTRUCTION NO. 30

### RETURN OF VERDICT

(Model Instruction)


A verdict form has been prepared for you.  [*Any explanation of the verdict form may be given at this time.*]  After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.


Authority:

Ninth Circuit Model Civil Jury Instruction No. 3.3 (April 25, 2007).


Comment:

The judge may also wish to explain to the jury the particular form of verdict being used and just how to "advise the court" of a verdict.

**PROPOSED INSTRUCTION NO. 31**

**SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION**

(Model Instruction)


The plaintiff brings his claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.


Authority:

Ninth Circuit Model Civil Jury Instruction No. 9.1 (April 25, 2007).

1

**PROPOSED INSTRUCTION NO. 32**

2

**SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY—
ELEMENTS AND BURDEN OF PROOF**

3

4

(Model Instruction)

5

6       In order to prevail on his claim against Officer August, the plaintiff must prove each of the

7    following elements by a preponderance of the evidence:

8            1.       Officer August acted under color of law; and

9            2.       Officer August's acts deprived the plaintiff of his particular rights under the United

10    States Constitution as explained in later instructions.

11          A person acts "under color of law" when the person acts or purports to act in the performance

12    of official duties under any state, county, or municipal law, ordinance, or regulation.  The parties have

13    stipulated that Officer August acted under color of law.

14          If you find the plaintiff has proved each of these elements, your verdict should be for the

15    plaintiff.  If, on the other hand, the plaintiff has failed to prove any one or more of these elements,

16    your verdict should be for the defendants.

17

18

19          Authority:

20          Ninth Circuit Model Civil Jury Instruction No. 9.2 (October 2009).

21

22

23

24

25

26

27

28

Defendants' Proposed Jury Instructions                       36                      n:\lit\li2010\101317\00734807.doc
Hopkins v. SFPD, et al., Case No. 09-cv-4578 CW

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROPOSED INSTRUCTION NO. 33

### PLAINTIFF MUST PROVE INDIVIDUAL CONDUCT BY OFFICER AUGUST

(Special Instruction)


Plaintiff has sued Officer August, an individual member of the San Francisco Police Department as defendant, and alleged that Officer August violated his rights by using excessive force against him and by failing to provide medical treatment.  You must evaluate the alleged liability of Officer August separately from any other person or entity.  You are not permitted to hold Officer August liable simply because he was present at the scene of the alleged unlawful conduct.  Instead, you may hold Officer August liable only if you find that the plaintiff has proven that Officer August personally participated in the alleged conduct – in other words, that Officer August's own conduct violated the plaintiff's rights.


Authority:

Comment to Ninth Circuit Model Civil Jury Instruction 9.2 (April 25, 2007) ("In order to individually liable under §1983, an individual must personally participate in an alleged rights deprivation"); *Jones v. Williams,* 297 F.3d 930, 934-37 (9th Cir. 2002).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROPOSED INSTRUCTION NO. 34

### CAUSATION

(Model Instruction)


In order to establish that the acts of the defendant Charles August deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions, the plaintiff must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.


Authority:

Ninth Circuit Model Civil Jury Instruction No. 9.8 (October 2009).

1

2

3

4

**PROPOSED INSTRUCTION NO. 35**

**PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON—EXCESSIVE FORCE**

(Model Instruction -- Modified)

5

6

7

8

In general, force used against a pretrial detainee constitutes an unreasonable seizure under the Fourth Amendment if a police officer used force so excessive that it amounts to punishment.  Thus, in order to prove an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that Officer August used excessive force against the plaintiff.

9

10

11

12

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances.  In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

13

14

15

In determining whether Officer August used excessive force in this case, consider all of the circumstances known to him on the scene, including:

16

    1.  The severity of the circumstances to which he was responding;

17

    2.  Whether the plaintiff posed an immediate threat to the safety of Officer August or to others;

18

19

    3.  Whether the plaintiff was actively resisting or attempting to escape;

20

    4.  The amount of time and any changing circumstances during which Officer August had to determine the type and amount of force that appeared to be necessary;

21

22

    4.  The type and amount of force used; and

23

    5.  The availability of alternative methods to subdue the plaintiff.

24

25

Authority:

26

Ninth Circuit Model Civil Jury Instruction No. 9.22 (December 2007); Comment to Ninth Circuit Model Civil Jury Instruction No. 9.27 (November 2010).  *See also*  CACI No. 3001 (2011);

27

28

*Graham v. Connor*, 490 U.S. 386, 396-97 (1989) (discussing elements of Fourth Amendment

excessive force claims); *Pierce v. Multnomah Cnty.*, 76 F.3d 1032, 1043 (9th Cir. 1996) (holding that the Fourth Amendment standard applies to claims of force by pre-arraignment detainees); *Smith v. City of Hemet*, 394 F.3d 689, 703 (9th Cir. 2005) (considering the availability of alternative methods).

1

**PROPOSED INSTRUCTION NO. 36**

2

**PARTICULAR RIGHTS—FOURTEENTH AMENDMENT—DUE PROCESS CLAUSE—
PRISONER'S CLAIM RE CONDITIONS OF CONFINEMENT/MEDICAL CARE**

3

4

(Model Instruction -- Modified)

5

6

As previously explained, the plaintiff has the burden to prove that the failure to act of the

7

defendant Officer August deprived the plaintiff of particular rights under the United States

8

Constitution.  In this case, the plaintiff alleges the defendant deprived him of his rights under the

9

Fourteenth Amendment to the Constitution when Officer August failed to obtain medical treatment

10

for plaintiff's claimed injuries.

11

Under the Fourteenth Amendment, a prisoner has the right to be free from "cruel and unusual

12

punishments."  This includes the right to receive adequate medical care while in custody.  In order to

13

prove the defendant deprived the plaintiff of this right, the plaintiff must prove the following

14

additional elements by a preponderance of the evidence:

15

  1.  The plaintiff faced a medical need that posed a substantial risk of serious harm;

16

  2.  The defendant was deliberately indifferent to that medical need that posed a

17

      substantial risk of serious harm, that is, the defendant knew of it and disregarded it by

18

      failing to take reasonable measures to address it; and

19

  3.  The failure to act of the defendant caused harm to the plaintiff.

20

In determining whether the defendant violated the plaintiff's rights as alleged, you should give

21

deference to jail officials in the adoption and execution of policies and practices that in their judgment

22

are needed to preserve discipline and to maintain internal security.

23

24

  Authority:

25

Ninth Circuit Model Civil Jury Instruction No. 9.25 (November 2010).  *See also* Comment to

26

Ninth Circuit Model Civil Jury Instruction No. 9.25 (November 2010); *Gibson v. Cnty. of Washoe*,

27

290 F.3d 1175, 1188 (9th Cir. 2002) (discussing the knowledge prong of the deliberate indifference

28

1    standard); *Farmer v. Brennan*, 511 U.S. 825, 843 (1994) (discussing the risk prong of the deliberate

2    indifference standard).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROPOSED INSTRUCTION NO. 37**

**OFFICER AUGUST NOT LIABLE FOR ALL INJURIES WHILE IN POLICE CUSTODY**

(Special Instruction)

Use of reasonable and legitimate force can result in an injury, even a serious injury.  However, an officer is only liable if he or she uses excessive force.  If an officer uses reasonable force, the officer cannot be liable under any circumstance, even if a serious injury results.

The fact that injuries resulted is not evidence that the force used was unreasonable.  The right to continue a detention necessarily carries with it the right to use some degree of physical force to carry out that ongoing custody.  Plaintiff may recover only for those injuries which occurred as a result of excessive force.  Not every push or shove, even if it may later seem unnecessary, constitutes excessive force.

The only incident you may consider in determining Officer August's liability for excessive force is the incident in the Central Station holding area in which August is alleged to have choked plaintiff and shook him so that his head struck the wall.

Authority:

*Graham v. Connor*, 490 U.S. 386, 396 (1989).  *See also Daniels v. Williams*, 474 U.S. 327, 333 (1986) (holding that "injuries inflicted by governmental negligence are not addressed by the United States Constitution"); *Martinez v. California*, 444 U.S. 277, 285 (1980) ("[N]ot every injury in which a state official has played some part is actionable" under section 1983); *Miller v. Clark County*, 340 F.3d 959, 968 (9th Cir. 2003) ("[n]otwithstanding the serious injuries to [plaintiff], there was no use of excessive force under the circumstances"); *see also Forrester v. City of San Diego*, 25 F.3d 804, 806-807 (9th Cir. 1994); *Billington v. Smith*, 292 F.3d 1177, 1190 (9th Cir. 2002) ("The Fourth Amendment's 'reasonableness' standard is not the same as the standard of 'reasonable care' under tort law, and negligent acts do not incur constitutional liability.");.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>PROPOSED INSTRUCTION NO. 38</u>**

**DETENTION—USE OF REASONABLE FORCE—DUTY TO SUBMIT**

A peace officer who has detained someone may use reasonable force to continue the detention or to overcome resistance.

The officer need not retreat or desist from his efforts by reason of the resistance or threatened resistance of the person being arrested or detained.

Where a peace officer has detained or arrested someone and the person being detained has knowledge, or by the exercise of reasonable care should have knowledge, that he is being detained by a peace officer, it is the duty of that person to refrain from using force to resist the detention unless unreasonable or excessive force is being used to make or continue the detention.

However, if you find that the peace officer used unreasonable or excessive force during the detention, the person being detained has no duty to refrain from using reasonable force to defend himself against the use of the excessive force.

<u>Authority:</u>

CALJIC—Criminal 16.106 (2011).

## PROPOSED INSTRUCTION NO. 39

## PEACE OFFICER NOT REQUIRED TO USE LEAST AMOUNT OF FORCE POSSIBLE

(Special Instruction)


Law enforcement officers are not required to use the least amount of force possible.  Rather, the inquiry is whether the force that was used was reasonable, viewing the facts from the perspective of a reasonable officer on the scene.  Whether officers hypothetically could have used less painful, less injurious, or more effective force in subduing an individual is not the issue.


Authority:

*Forrester v. City of San Diego*, 25 F.3d 804, 807-08 (9th Cir. 1994) ("Whether officers hypothetically could have used less painful, less injurious, or more effective force in executing an arrest is simply not the issue") (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989) and *Hammer v. Gross*, 932 F.2d 842 (9th Cir. 1991)); *see also Miller v. Clark Cnty.*, 340 F.3d 959 (9th Cir. 2003).

**PROPOSED INSTRUCTION NO. 40**

**LACK OF COOPERATION CAN JUSTIFY USE OF FORCE**

(Special Instruction)

An individual need not physically threaten or attempt to assault an officer for force to be justified.  Lack of cooperation, by itself, can justify the use of force.  Use of force in response to lack of cooperation must be reasonable.

Authority:

Cal. Penal Code §§ 834a; 835a; *People v. Montiel*, 5 Cal.4th 877, 916 (1993), *People v. Allen*, 109 Cal.App.3d 981, 985 (1980).

**PROPOSED INSTRUCTION NO. 41**

**DAMAGES—PROOF**

(Model Instruction)


It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on plaintiff's excessive force claim or deliberate indifference claim, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

1. The nature and extent of the injuries;

2. Expenses incurred, and expected to be incurred, by plaintiff for his reasonable medical care as a result of such injuries; and

2. The mental, physical, and emotional pain and suffering experienced and which with reasonable probability will be experienced in the future.

It is for you to determine what damages, if any, have been proved.  Your award must be based upon evidence and not upon speculation, guesswork or conjecture.


Authority:

Ninth Circuit Model Civil Jury Instruction Nos. 5.1, 5.2 (April 25, 2007).

**PROPOSED INSTRUCTION NO. 42**

**PLEADINGS OR ARGUMENT NOT EVIDENCE OF DAMAGES**

(Model Instruction)

The amount of damages claimed in the argument of counsel, must not be considered by you as evidence of reasonable compensation.

Authority:

BAJI No. 14.62 (2011).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>PROPOSED INSTRUCTION NO. 43</u>**

**DAMAGES—MITIGATION**

(Model Instruction)


The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendants have the burden of proving by a preponderance of the evidence:

1. that the plaintiff failed to use reasonable efforts to mitigate damages; and

2. the amount by which damages would have been mitigated.


<u>Authority:</u>

Ninth Circuit Model Civil Jury Instruction No. 5.3 (April 25, 2007).

**PROPOSED INSTRUCTION NO. 44**

**ADDITIONAL INSTRUCTIONS OF LAW**

(Model Instruction)

At this point I will give you a further instruction.  By giving a further instruction at this time, I do not mean to emphasize this instruction over any other instruction.

You are not to attach undue importance to the fact that this was read separately to you.  You shall consider this instruction together with all of the other instructions that were given to you.

[*Insert text of new instruction.*]

You will now retire to the jury room and continue your deliberations.

Authority:

Ninth Circuit Model Jury Instruction 3.4 (April 25, 2007).

Comment:

Use this instruction for giving a jury instruction to a jury while it is deliberating.  If the jury has a copy of the instructions, send the additional instruction to the jury room.  Unless the additional instruction is by consent of both parties, both sides must be given an opportunity to take exception or object to it.  If this instruction is used, it should be made a part of the record. The judge and attorneys should make a full record of the proceedings.  *See* Jury Instructions Committee of the Ninth Circuit, A Manual on Jury Trial Procedures § 5.2.C (2004).

1

2

3

4

**PROPOSED INSTRUCTION NO. 45**

**DEADLOCKED JURY**

(Model Instruction)

5     Members of the jury, you have advised that you have been unable to agree upon a verdict in

6 this case.  I have decided to suggest a few thoughts to you.

7     As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to

8 reach a unanimous verdict if each of you can do so without violating your individual judgment and

9 conscience.  Each of you must decide the case for yourself, but only after you consider the evidence

10 impartially with your fellow jurors.  During your deliberations, you should not hesitate to reexamine

11 your own views and change your opinion if you become persuaded that it is wrong.  However, you

12 should not change an honest belief as to the weight or effect of the evidence solely because of the

13 opinions of your fellow jurors or for the mere purpose of returning a verdict.

14     All of you are equally honest and conscientious jurors who have heard the same evidence.  All

15 of you share an equal desire to arrive at a verdict.  Each of you should ask yourself whether you

16 should question the correctness of your present position.

17     I remind you that in your deliberations you are to consider the instructions I have given you as

18 a whole.  You should not single out any part of any instruction, including this one, and ignore others.

19 They are all equally important.

20     You may now retire and continue your deliberations.

21

22     Authority:

23 Ninth Circuit Model Jury Instruction 3.5 (April 25, 2007).

24

25

26

27

28

## PROOF OF SERVICE

I, Anita Murdock, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action.  I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On November 22, 2011, I served the following document(s):

### DEFENDANT'S PROPOSED JURY INSTRUCTIONS

on the following persons at the locations specified:

Kevin Hopkins, CC11C2851
Contra Costa County Jail
5555 Giant Highway
Richmond, CA  94806
*In Pro Per*

in the manner indicated below:

☒     **BY UNITED STATES MAIL**:  Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service.  I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail.  In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☐     **BY PERSONAL SERVICE**:  I sealed true and correct copies of the above documents in addressed envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service.  **A declaration from the messenger who made the delivery** ☐ **is attached** or ☐ **will be filed separately with the court.**

☐     **BY OVERNIGHT DELIVERY**:  I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and delivery by overnight courier service.  I am readily familiar with the practices of the San Francisco City Attorney's Office for sending overnight deliveries.  In the ordinary course of business, the sealed envelope(s) that I placed for collection would be collected by a courier the same day.

☐     **BY FACSIMILE**:  Based on a written agreement of the parties to accept service by fax, I transmitted true and correct copies of the above document(s) via a facsimile machine at telephone number Fax #' to the persons and the fax numbers listed above.  The fax transmission was reported as complete and without error.  The transmission report was properly issued by the transmitting facsimile machine, and **a copy of the transmission report** ☐ **is attached** or ☐ **will be filed separately with the court.**

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed November 22, 2011, at San Francisco, California.

_____
/s/
Anita Murdock