DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Attorney
WARREN METLITZKY, State Bar # 220758
LEILA K. MONGAN, State Bar # 271287
Deputy City Attorneys
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3916 [Metlitzky]
Telephone:     (415) 554-3915 [Mongan]
Facsimile:     (415) 554-3837

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO
AND CHARLES AUGUST

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LAMAR HOPKINS,<br><br>    Plaintiff,<br><br>    vs.<br><br>SAN FRANCISCO POLICE DEPARTMENT[1] OFFICER CHARLES AUGUST, et al.<br><br>    Defendants. | Case No. 09-CV-4578 CW<br><br>**DEFENDANTS' TRIAL BRIEF**<br><br>Trial Date:        January 5, 2012 |

**INTRODUCTION**

On September 1, 2009, plaintiff was arrested for theft and brought to Central Station. He was placed on a bench in the station's holding area, with one arm handcuffed to the bench, where he awaited booking and transport to jail. Some time later, another arrestee, Darrell Proctor, was brought in and placed on a bench adjacent to the one on which plaintiff was seated. Plaintiff and Mr. Proctor got into an argument, during which plaintiff stood up and kicked Mr. Proctor. Officer August came

---

[1] The San Francisco Police Department is not a separate legal entity apart from the City and County of San Francisco.

in to the holding area and told plaintiff to "knock it off." When plaintiff continued kicking Mr. Proctor, Officer August separated the two men by pushing down on plaintiff's shoulders so that he returned to a seated position. Officer Richins, who had come in to help, handcuffed plaintiff's other arm to the bench to prevent him from standing up again. A short time later, plaintiff was transported to jail. As part of his processing into the jail, plaintiff was evaluated by two nurses. He told both of them that he had no medical conditions and had not suffered any recent trauma. Upon his arrival at the jail, approximately ninety minutes after the alleged choking incident, plaintiff failed to mention it to the triage nurse. When he met with the second nurse approximately seven hours later for his intake screen, plaintiff stated, for the first time, that he had been choked while he was at the precinct, but he reported no symptoms consistent with being choked.

Plaintiff provides a significantly different account. He alleges that five to eight officers came in to break up the fight between him and Mr. Proctor. Two of the officers held plaintiff's arms while Officer August placed both hands around plaintiff's throat and choked him for 30-60 seconds, all the while shaking him so that his head struck the wall six to ten times. After Officer August released him, plaintiff claims that he immediately coughed up a puddle of saliva, blood and foam the size of a small pizza. The officers stood there, watching him cough, for ten minutes. Plaintiff claims that he asked many officers for medical attention, but that he was never provided medical treatment.

In its initial order of service, the Court found that plaintiff's complaint, liberally construed, stated two cognizable claims: excessive force and deliberate indifference to serious medical needs. *See* Dkt. #13 at 2-4.

## I.  STANDARD GOVERNING EXCESSIVE FORCE CLAIMS BY POST-ARREST, PRE-ARRAIGNMENT DETAINEES

Plaintiff's claim for violation of the Fourth Amendment will be governed by the basic *Graham v. Connor* inquiry of whether the force was objectively reasonable under the circumstances. 490 U.S. 386 (1989); *see also Pierce v. Multnomah Cnty.*, 76 F.3d 1032, 1042 (9th Cir. 1996) (applying the Fourth Amendment to a claim of excessive force "when an arrestee is kept at a facility for booking procedures without a probable cause … hearing").

## II. STANDARD GOVERNING CLAIMS OF DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS

Plaintiff's claim that he was denied medical treatment is governed by the due process clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002). In this case, the due process clause requirements are the same as those imposed by the Eighth Amendment. *Gibson*, 290 F.3d at 1187; *Bell*, 441 U.S. at 535; *see also Cabrales v. Cnty. of Los Angeles*, 864 F.2d 1454, 1461 n.2 (9th Cir. 1988), *rev'd on other grounds*, 490 U.S. 1087 (1989).

To prove deliberate indifference, plaintiff must prove that Officer August actually knew that plaintiff faced a serious medical condition such that failure to treat his condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Farmer v. Brennan*, 511 U.S. 825, 841 (1994) (cited in *Gibson*, 290 F.3d at 1187-88). The standard requires actual, not constructive knowledge. If Officer August did not, in fact, know of the risk, he is not liable – even if he should have known. *Id.* Plaintiff must also prove that Officer August disregarded that risk and that doing so caused harm to plaintiff. *Gibson*, 290 F.3d at 1187 (quoting *Farmer*, 511 U.S. at 837).

## III. OTHER LEGAL ISSUES

Defendants do not anticipate any other legal issues, except those evidentiary issues raised in defendants' motions in limine.

Dated: November 22, 2011

DENNIS J. HERRERA
City Attorney
JOANNE HOEPER
Chief Trial Deputy
WARREN METLITZKY
LEILA K. MONGAN
Deputy City Attorneys


By: s/*Leila K. Mongan*
        WARREN METLITZKY

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO
AND CHARLES AUGUST

**PROOF OF SERVICE**

I, Anita Murdock, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On November 22, 2011, I served the following document(s):

DEFENDANTS' TRIAL BRIEF

on the following persons at the locations specified:

Kevin Hopkins, CC11C2851
Contra Costa County Jail
5555 Giant Highway
Richmond, CA  94806
*In Pro Per*

in the manner indicated below:

☒ **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☐ **BY PERSONAL SERVICE**: I sealed true and correct copies of the above documents in addressed envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service. **A declaration from the messenger who made the delivery** ☐ **is attached** or ☐ **will be filed separately with the court.**

☐ **BY OVERNIGHT DELIVERY**: I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and delivery by overnight courier service. I am readily familiar with the practices of the San Francisco City Attorney's Office for sending overnight deliveries. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be collected by a courier the same day.

☐ **BY FACSIMILE**: Based on a written agreement of the parties to accept service by fax, I transmitted true and correct copies of the above document(s) via a facsimile machine at telephone number Fax #' to the persons and the fax numbers listed above. The fax transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine, and **a copy of the transmission report** ☐ **is attached** or ☐ **will be filed separately with the court**.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed November 22, 2011, at San Francisco, California.

/s/
———————————————
Anita Murdock