DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Attorney
WARREN METLITZKY, State Bar # 220758
LEILA K. MONGAN, State Bar # 271287
Deputy City Attorneys
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3916 [Metlitzky]
Telephone:    (415) 554-3915 [Mongan]
Facsimile:    (415) 554-3837

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO
AND CHARLES AUGUST

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LAMAR HOPKINS,<br><br>           Plaintiff,<br><br>      vs.<br><br>SAN FRANCISCO POLICE DEPARTMENT[1]<br>OFFICER CHARLES AUGUST, et al.<br><br>           Defendants. | Case No. 09-CV-4578 CW<br><br>**DEFENDANTS' PRETRIAL CONFERENCE STATEMENT**<br><br>Trial Date:    January 5, 2012 |

Pursuant to the Court's order, defendants City and County of San Francisco and Charles August hereby submit this pretrial statement.

**1.    THE ACTION**

   **A.    Substance of the Action**

As the Court ruled in its May 11, 2010 Order (Order of Service and Denying Plaintiff's Motion for Leave to File Amended Complaint, Dkt. #13), plaintiff asserts two § 1983 claims based on his detention at San Francisco Police Department's ("SFPD") Central Station on September 1, 2009.

---

[1] The San Francisco Police Department is not a separate legal entity apart from the City and County of San Francisco.

1  First, he claims that defendant SFPD Officer Charles August used excessive force, in violation of the
2  Fourth Amendment, when he separated plaintiff from another arrestee in the holding area of Central
3  Station.  Second, plaintiff claims that the defendants showed deliberate indifference, in violation of
4  the Due Process Clause, when they refused to provide medical treatment for plaintiff's claimed
5  injuries.

**B.     Relief Prayed**

Plaintiff seeks punitive damages, general damages, exemplary damages, and other unidentified compensatory damages.

**2.     THE FACTUAL BASIS OF THE ACTION**

**A.     Undisputed Facts**

Plaintiff was arrested on September 1, 2009 and brought to Central Station.  He was placed on a bench in the holding area, with one arm handcuffed to the bench.  Some time later, Darrell Proctor was brought in and placed on a bench adjacent to plaintiff.  Plaintiff and Mr. Proctor had a disagreement, and at one point plaintiff kicked Mr. Proctor.  Officer Charles August came into the area and separated the two men.  Plaintiff's other arm was also handcuffed to the bench.  Plaintiff remained in the holding area until he was transported to the jail.

When plaintiff was later interviewed by a nurse as part of the jail intake process, plaintiff reported that he had been choked while at the precinct.  Plaintiff subsequently filed a complaint against Officer August in the Office of Citizen Complaints.

**B.     Disputed Factual Issues**

(1)     Whether Officer Charles August—when he came into the holding area to separate plaintiff and Mr. Proctor—choked plaintiff and shook him so hard that his head struck the wall; and

(2)     Whether plaintiff requested medical treatment while in Central Station, and whether Officer August knew that plaintiff needed medical treatment.

**C.     Agreed Statement**

Defendants do not believe that any part of the action may be presented upon an agreed statement of facts.

**D. Stipulations**

Defendants propose that the parties stipulate as to the admissibility of certain exhibits to be offered at trial. The parties should be able to resolve through meet and confer which exhibits the parties agree are admissible.

Defendants also propose that the parties stipulate that, at the time of the alleged incident, Officer August was acting under color of state law and in the course and scope of his employment.

Defendants do not currently propose any other stipulations for trial or pre-trial purposes.

## 3. DISPUTED LEGAL ISSUES

The Court identified the disputed legal issues in its May 11, 2010 Order, in which the Court dismissed certain claims and causes of action by plaintiff, but allowed plaintiff to proceed on his claims for excessive force and deliberate indifference to medical needs. *See* Dkt. #13.

(1) The force used by a peace officer constitutes excessive force under the Fourth Amendment only when it was objectively unreasonable under the circumstances. The analysis requires a balancing of the "nature and quality of the intrusion" on plaintiff's liberty with the "countervailing governmental interests at stake." *See Graham v. Connor*, 490 U.S. 386, 396 (1989). The factors to be considered in determining the governmental interests are the severity of the crime at issue; whether the suspect posed an immediate threat to the safety of officers or others; and whether the suspect was actively resisting arrest or attempting to flee. *Id*. The jury may also consider the additional factor of the availability of alternative methods to subdue plaintiff. *See Smith v. City of Hemet*, 394 F.3d 689, 703 (9th Cir. 2005).

(2) Deliberate indifference to serious medical needs is shown if (a) the plaintiff faced a serious medical need; (b) the officer knew of it and disregarded it by failing to take reasonable measures to address it; and (c) the defendant's failure to act caused harm to the plaintiff. *See Farmer v. Brennan*, 511 U.S. 825, 843 (1994); *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

## 4. FURTHER DISCOVERY OR MOTIONS

Discovery is complete. Defendants filed an administrative request for leave to file a motion for summary judgment on November 3, 2011, which the Court denied on November 15, 2011. See

Defendants' Pretrial Conference Statement
Hopkins v. SFPD, et al.; Case No. 09-cv-4578
3
n:\lit\li2011\101317\00739636.doc

Dkt. #67, 70. Throughout the pendency of this action, plaintiff has requested appointment of counsel, either in stand-alone motions or included in his other filings. *See* Dkt. #27, 32, 48, 53. The Court has denied those motions. *See* Dkt. #39, 49. Motions in limine are filed contemporaneously with this Pretrial Conference Statement. No further discovery or motions are anticipated.

## 5. TRIAL ALTERNATIVES AND OPTIONS

### A. Settlement Discussions

The settlement conferences scheduled for October 21, 2011 and October 27, 2011 were continued because the Contra Costa County Sheriff's Department was unable to transport plaintiff to the courthouse. The settlement conference before Magistrate Judge Vadas has been rescheduled for December 1, 2011, and plaintiff will participate by telephone.

Defendants believe the prospects for settlement are poor.

### B. Consent to Trial Before A Magistrate Judge

Defendants will consent to a jury trial before a mutually agreeable magistrate judge, with appeal directly to Ninth Circuit.

### C. Bifurcation, Separate Trial of Issues

Defendants do not believe that bifurcation or a separate trial is appropriate. As plaintiff's claims are closely related, bifurcation could actually cause duplication of some issues.

## 6. MISCELLANEOUS

At this time, defendants know of no other issues relevant to trial or pre-trial, or material to its just, speedy and inexpensive determination.

Dated: November 22, 2011

DENNIS J. HERRERA
City Attorney
JOANNE HOEPER
Chief Trial Deputy

By: s/*Leila K. Mongan*
LEILA K. MONGAN

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO
AND CHARLES AUGUST

## PROOF OF SERVICE

I, Anita Murdock, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On November 22, 2011, I served the following document(s):

DEFENDANTS' PRETRIAL CONFERENCE STATEMENT

on the following persons at the locations specified:

Kevin Hopkins, CC11C2851
Contra Costa County Jail
5535 Giant Highway
Richmond, CA  94806
*In Pro Per*

in the manner indicated below:

☒ **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☐ **BY PERSONAL SERVICE**: I sealed true and correct copies of the above documents in addressed envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service. **A declaration from the messenger who made the delivery** ☐ **is attached** or ☐ **will be filed separately with the court.**

☐ **BY OVERNIGHT DELIVERY**: I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and delivery by overnight courier service. I am readily familiar with the practices of the San Francisco City Attorney's Office for sending overnight deliveries. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be collected by a courier the same day.

☐ **BY FACSIMILE**: Based on a written agreement of the parties to accept service by fax, I transmitted true and correct copies of the above document(s) via a facsimile machine at telephone number Fax #' to the persons and the fax numbers listed above. The fax transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine, and **a copy of the transmission report** ☐ **is attached** or ☐ **will be filed separately with the court**.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed November 22, 2011, at San Francisco, California.

/s/
Anita Murdock