1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Attorney
3  WARREN METLITZKY, State Bar # 220758
   LEILA K. MONGAN, State Bar # 271287
4  Deputy City Attorneys
   1390 Market Street, 6th Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-3916 [Metlitzky]
6  Telephone:    (415) 554-3915 [Mongan]
   Facsimile:    (415) 554-3837
7
8  Attorneys for Defendants
   CITY AND COUNTY OF SAN FRANCISCO
   AND CHARLES AUGUST
9

10                 UNITED STATES DISTRICT COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12
   KEVIN LAMAR HOPKINS,                    Case No. 09-CV-4578 CW
13
             Plaintiff,                    **DEFENDANTS' MOTIONS IN
14                                         LIMINE**
        vs.
15
   SAN FRANCISCO POLICE DEPARTMENT[1]      Trial Date:       January 5, 2012
16 OFFICER CHARLES AUGUST, et al.

17           Defendants.

18

19

20

21

22

23

24

25

26

27 _____
        [1] The San Francisco Police Department is not a separate legal entity apart from the City and
28 County of San Francisco.

Defendants' Motions In Limine
Hopkins v. SFPD, et al.; Case No. 09-cv-4578                    n:\lit\li2011\101317\00740042.doc

1

**TABLE OF CONTENTS**

2

TABLE OF AUTHORITIES ........................................................................................ iii

3

INTRODUCTION ...................................................................................................... 1

LEGAL STANDARD ................................................................................................. 1

4

    I.     A *PRO PER* PLAINTIFF MUST ABIDE BY THE SAME RULES AND

5

             DEADLINES AS A REPRESENTED PARTY ..................................... 1

6

    II.    STANDARD FOR GRANTING A MOTION IN LIMINE .................................. 1

7

MOTIONS IN LIMINE ............................................................................................. 2

    I.     THE COURT SHOULD EXCLUDE ALL EVIDENCE AND ARGUMENT

8

             THAT THE SAN FRANCISCO POLICE DEPARTMENT AND THE CITY

             AND COUNTY OF SAN FRANCISCO ARE LIABLE IN THIS MATTER ........ 2

9

    II.    THE COURT SHOULD EXCLUDE ALL EVIDENCE AND ARGUMENT

10

             ALLEGING WRONGDOING BY UNNAMED DEFENDANTS ........................ 2

11

    III.   THE COURT SHOULD EXCLUDE ALL EVIDENCE AND ARGUMENT

             REGARDING PLAINTIFF'S CLAIM THAT HE WAS DENIED ACCESS TO

12

             THE RESTROOM ...................................................................... 3

13

    IV.   THE COURT SHOULD EXCLUDE ALL EVIDENCE AND ARGUMENT

             REGARDING PLAINTIFF'S "COVER-UP" CLAIM ............................. 3

14

    V.    THE COURT SHOULD EXCLUDE ALL EVIDENCE AND ARGUMENT

15

             REGARDING A VIDEO CAMERA IN CENTRAL STATION'S HOLDING

             AREA .................................................................................... 3

16

    VI.   THE COURT SHOULD EXCLUDE ALL EVIDENCE AND ARGUMENT

17

             REGARDING PLAINTIFF'S "OCC" COMPLAINT ............................. 4

    VII.  THE COURT SHOULD EXCLUDE ALL EVIDENCE AND ARGUMENT

18

             REGARDING ANY UNRELATED INCIDENTS OF ALLEGED FORCE,

19

             INCLUDING ONE PLAINTIFF CLAIMS TO HAVE WITNESSED IN JAIL .... 4

    VIII. THE COURT SHOULD EXCLUDE ALL EVIDENCE AND ARGUMENT

20

             REGARDING PLAINTIFF'S DAMAGES DUE TO EMOTIONAL DISTRESS . 5

21

    IX.   THE COURT SHOULD PRECLUDE PLAINTIFF FROM OFFERING ANY

             TESTIMONY OR ARGUMENT REGARDING ONGOING PHYSICAL

22

             INJURY .................................................................................. 5

23

    X.    THE COURT SHOULD EXCLUDE ALL EVIDENCE AND ARGUMENT

             FROM PLAINTIFF AND ANY OTHER UNQUALIFIED PERSON

24

             REGARDING THE CAUSATION, DIAGNOSIS OR PROGNOSIS OF

             PLAINTIFF'S INJURIES, AS WELL AS THE REASONABLENESS OR

25

             NECESSITY OF MEDICAL TREATMENT ........................................ 5

26

    XI.   THE COURT SHOULD EXCLUDE TESTIMONY BY PLAINTIFF

             CONCERNING ALLEGED HEARSAY STATEMENTS MADE TO HIM BY

27

             ANY DOCTORS OR OTHER MEDICAL PROFESSIONALS ..................... 7

28

XII.    PLAINTIFF SHOULD BE PRECLUDED FROM TESTIFYING IN A
        NARRATIVE FORM ..............................................................................................7

XIII.   NON-PARTY WITNESSES SHOULD BE EXCLUDED FROM THE
        COURTROOM DURING THE TRIAL .................................................................8

XIV.    PLAINTIFF SHOULD NOT BE PERMITTED TO STATE OR SUGGEST
        THAT OBJECTIONS HAVE BEEN MADE TO EVIDENCE OR THAT
        EVIDENCE HAS BEEN EXCLUDED ..................................................................8

XV.     PLAINTIFF SHOULD BE BARRED FROM INTRODUCING EVIDENCE
        NOT PRODUCED AND WITNESSES NOT DISCLOSED IN DISCOVERY .....8

CONCLUSION ...............................................................................................................8

1

## TABLE OF AUTHORITIES

**State Cases**

*Bauer v. Cnty. of Ventura*
   45 Cal. 2d 276 (Cal. 1955)...................................................................2

**State Statutes & Codes**

California Government Code
   § 23000 ..........................................................................................2

California Government Code
   § 23004(a) ......................................................................................2

**Federal Cases**

*Carter v. C.I.R.*
   784 F.2d 1006 (9th Cir. 1986) .......................................................1

*Claar v. Burlington N. R. Co.*
   29 F.3d 499 (9th Cir. 1994) ...........................................................6

*Longenecker v. Gen. Motors Corp.*
   594 F.2d 1283 (9th Cir. 1979) .......................................................1

*Maddox v. City of Los Angeles*
   792 F.2d 1408 (9th Cir. 1986) .......................................................4

*United States v. Rambo*
   74 F.3d 948 (9th Cir. 1996) ...........................................................1

**Federal Statutes**

Federal Rule of Envidence 701 .............................................................6

Federal Rule of Evidence 401 ..............................................................4

Federal Rule of Evidence 403 ..............................................................1

Federal Rule of Evidence 404(b) .........................................................5

Federal Rule of Evidence 407 ..............................................................4

Federal Rule of Evidence 602 ..............................................................6

Federal Rule of Evidence 802 ..............................................................7

# INTRODUCTION

This matter involves plaintiff's claims that Officer Charles August used excessive force, and was deliberately indifferent to plaintiff's medical needs, while plaintiff was detained at Central Station, and plaintiff's claim that officers were deliberately indifferent to his medical needs when they refused to obtain medical treatment for plaintiff's injuries.

At trial, plaintiff may reasonably be expected to attempt to introduce evidence and argument on a number of topics that are not appropriate, including unnamed defendants, improper claims, and evidence that should be excluded under the Federal Rules of Evidence.  As discussed below, the Court should prohibit plaintiff from introducing evidence or argument on each of these issues.

# LEGAL STANDARD

## I.   A *PRO PER* PLAINTIFF MUST ABIDE BY THE SAME RULES AND DEADLINES AS A REPRESENTED PARTY

As a preliminary matter, a litigant has a right to act as his or her own attorney, but in so doing, should be restricted to the same rules of evidence and procedure as required of those qualified to practice law before our courts.  *Pro per* litigants are "not entitled to privilege and indulgence not accorded to [litigants] who are represented by counsel."  *Carter v. C.I.R.,* 784 F.2d 1006, 1009 (9th Cir. 1986).

## II.   STANDARD FOR GRANTING A MOTION IN LIMINE

Federal Rule of Evidence 403 provides that even relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  The Court has broad discretion to grant a motion in limine to exclude proffered evidence because of its prejudicial impact.  *See Longenecker v. Gen. Motors Corp.*, 594 F.2d 1283, 1286 (9th Cir. 1979) (stating that "[t]rial judges are better able to sense the dynamics of a trial than we can ever be, and broad discretion must be accorded them in balancing probative value against prejudice"); *see also United States v. Rambo*, 74 F.3d 948, 955 (9th Cir. 1996).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MOTIONS IN LIMINE**

**I.     THE COURT SHOULD EXCLUDE ALL EVIDENCE AND ARGUMENT THAT THE SAN FRANCISCO POLICE DEPARTMENT AND THE CITY AND COUNTY OF SAN FRANCISCO ARE LIABLE IN THIS MATTER**

Plaintiff named as defendants San Francisco Police Department Officer Charles August, and a number of Does who have since been dismissed.  *See* Complaint at 1; Dkt. #13 at 4-5.  The Court's initial order listed defendants as only Officer August and the Doe defendants.  *See* Dkt. #13 at 1.  The Court's docket, however, reflects two defendants: the San Francisco Police Department and Officer August.  The San Francisco Police Department ("SFPD") is not a proper defendant because it does not have the power to sue or be sued.  *See Bauer v. Cnty. of Ventura*, 45 Cal. 2d 276, 287-88 (Cal. 1955); *see also* Cal. Gov. Code §§ 23000, 23004(a).  Accordingly, the inclusion of the SFPD as a separate defendant appears to have been the result of a clerical error that should not be continued at trial.  Nor is it proper to substitute the City and County of San Francisco ("CCSF") as defendant in place of the SFPD, because there is no basis for municipal liability in this case: CCSF cannot be held liable on a *respondeat superior* theory; there has never been an allegation of any *Monell* claim in plaintiff's filings; and the Court identified no cognizable municipal claim in plaintiff's complaint.  *See* Dkt. #13.  Accordingly, plaintiff should be prohibited from presenting evidence and argument that the SFPD or CCSF is liable for his claimed injuries.

**II.    THE COURT SHOULD EXCLUDE ALL EVIDENCE AND ARGUMENT ALLEGING WRONGDOING BY UNNAMED DEFENDANTS**

Although plaintiff attempted to name a number of Doe defendants, the Court dismissed the claims against those defendants without prejudice, holding that the use of Doe defendants is not favored in the Ninth Circuit and that plaintiff could move to amend his complaint to add additional named defendants should he ascertain their names during discovery.  *See* Dkt. #13 at 4-5.  Plaintiff did not seek to amend his complaint to include any additional named defendants.  As a result, the SFPD and Officer August are the only defendants in this action.  As discussed in the immediately preceding Motion in Limine, neither the SFPD nor CCSF are proper parties to this action.  Accordingly, plaintiff should be prohibited from introducing any evidence or argument that any city employee, other than Officer August, engaged in wrongdoing.

**III.   THE COURT SHOULD EXCLUDE ALL EVIDENCE AND ARGUMENT REGARDING PLAINTIFF'S CLAIM THAT HE WAS DENIED ACCESS TO THE RESTROOM**

Plaintiff alleges in his complaint that he was not allowed to use the restroom for several hours while he was shackled to a bench in the Central Station holding area.  Complaint at 3.  In its initial order on May 11, 2010, the Court reviewed plaintiff's claims and held that, liberally construed, he had stated only two claims: excessive force, and deliberate indifference to serious medical needs.  Dkt. #13, at 2-4.  The Court specifically limited plaintiff's deliberate indifference claim to his allegation that defendants failed to provide medical care for the injuries plaintiff sustained in the alleged choking incident.  *Id*. at 4.  Given that the Court did not allow plaintiff to proceed on a claim that he was denied access to the restroom, and given that plaintiff never amended his complaint to include such a claim, plaintiff should be prohibited from introducing evidence or argument on such claim.

**IV.   THE COURT SHOULD EXCLUDE ALL EVIDENCE AND ARGUMENT REGARDING PLAINTIFF'S "COVER-UP" CLAIM**

Plaintiff sought leave to amend his complaint to include a claim that the SFPD was attempting to "cover up" the incident.  *See* Dkt. #10.  The Court denied that motion on May 11, 2010, holding that the allegation failed to state a constitutional claim for damages under § 1983 because it was premature.  *See* Dkt. #13, at 5-6.  It was impossible, the Court ruled, to determine that plaintiff's judicial remedies had been rendered ineffective by the alleged cover-up because the action was still pending.  *Id*. at 6.

In light of the Court's ruling, plaintiff should be prohibited from presenting evidence or argument relating to his "cover-up" claim.

**V.   THE COURT SHOULD EXCLUDE ALL EVIDENCE AND ARGUMENT REGARDING A VIDEO CAMERA IN CENTRAL STATION'S HOLDING AREA**

Plaintiff stated in his deposition that he saw a video camera in the holding area of Central Station that would have captured the alleged incident.  Hopkins Depo. Tr. (Exh. A to Mongan Decl.) ("Hopkins Depo. Tr.") 79-82.  He has requested the videotape throughout this litigation.  *See, e.g.*, Complaint at 4.  There is, however, no video camera in the holding area of Central Station.  *See, e.g*., Deignan Decl. (Exh. B to Mongan Decl.) ¶ 9.  Despite undisputed evidence to the contrary, plaintiff continues to contend that there was a camera in that area, and suggests that defendants have failed to produce the tape as part of their "cover-up" of the incident.

Evidence and argument about an imaginary video camera is distracting, irrelevant and a waste of the jury's time.  Because there was no video camera in the holding area of Central Station on the date of the incident, and because the Court has already ruled that plaintiff has not stated a cover-up claim, plaintiff should be prohibited from introducing argument or evidence regarding the alleged presence of a video camera that could have captured the alleged incident.

## VI.   THE COURT SHOULD EXCLUDE ALL EVIDENCE AND ARGUMENT REGARDING PLAINTIFF'S "OCC" COMPLAINT

Plaintiff filed a complaint with the OCC (Office of Citizen Complaints) against Officer August in relation to this matter.  Plaintiff should be prohibited from introducing evidence regarding the contents of the OCC complaint file.  Complaints made to the OCC are uncorroborated, unsworn allegations by citizens against defendants.  In the course of investigating complaints, the OCC interviews witnesses and obtains unsworn statements.  All of these statements, as well as the complaints themselves, are hearsay evidence if offered to prove the truth of the matters asserted.

In addition, these documents should be excluded as subsequent remedial measures under Federal Rule of Evidence 407.  Underlying Rule 407 is the public policy concern that if post-incident remedial measures are admissible to show liability, the responsible party has a disincentive to engage in post-incident corrective action.  Consequently, evidence of such remedial measures is excluded. *See Maddox v. City of Los Angeles*, 792 F.2d 1408, 1417 (9th Cir. 1986) (affirming, under Fed. R. Evid. 407, the exclusion of Internal Affairs investigation of police conduct).

## VII.   THE COURT SHOULD EXCLUDE ALL EVIDENCE AND ARGUMENT REGARDING ANY UNRELATED INCIDENTS OF ALLEGED FORCE, INCLUDING ONE PLAINTIFF CLAIMS TO HAVE WITNESSED IN JAIL

Plaintiff should not be permitted to introduce evidence or argument regarding other incidents involving alleged force or denial of medical care by law enforcement officers because they are not relevant and because they would be highly prejudicial to defendants.  *See* Fed. R. Evid. 401.  For example, plaintiff claims that he witnessed an incident in jail in which a corrections officer allegedly shot and killed an inmate.  Hopkins Depo. Tr. 125:16-18.  Plaintiff believes that this was an instance of excessive force because, in his view, the inmate was not combative or resisting.  *Id*.  Any such evidence or argument is irrelevant to the issues raised in this lawsuit, highly prejudicial to defendants,

misleading to the jury, and would potentially inflame jurors' emotions and appeal to potential bias

against CCSF and Officer August.  Fed. R. Evid. 404(b).

## VIII.   THE COURT SHOULD EXCLUDE ALL EVIDENCE AND ARGUMENT REGARDING PLAINTIFF'S DAMAGES DUE TO EMOTIONAL DISTRESS

In his deposition, plaintiff testified as follows:

> MR. GERCHOW: So what percentage of your emotional damages
> from this incident do you attribute to this witnessing this prisoner
> being killed?  Is it more than 50 percent?
> THE WITNESS: Yes.
> MR. GERCHOW: More than 75 percent?
> THE WITNESS: Yes.
> MR. GERCHOW: Is it 100 percent?
> THE WITNESS: I'd say it's 100 percent.

Hopkins Depo. Tr. 125:19-126:2.  Plaintiff admits that 100% of his emotional distress derives not

from the incident on which his complaint is based, but rather from an unrelated incident involving

another inmate that he witnessed while in jail.  Plaintiff therefore should not be permitted to introduce

any evidence that his claimed emotional distress relates to the incident on which his complaint is

based.

## IX.   THE COURT SHOULD PRECLUDE PLAINTIFF FROM OFFERING ANY TESTIMONY OR ARGUMENT REGARDING ONGOING PHYSICAL INJURY

During his deposition, plaintiff admitted that he suffers no ongoing physical injuries as a result

of the incident.  Hopkins Depo. Tr. 120:19-121:7.  Because defendants relied on this representation

during discovery, plaintiff should not be allowed to broaden the scope of his damages at trial to

include ongoing physical injuries.   Thus, the Court should exclude any evidence or testimony

regarding any ongoing physical injuries.

## X.   THE COURT SHOULD EXCLUDE ALL EVIDENCE AND ARGUMENT FROM PLAINTIFF AND ANY OTHER UNQUALIFIED PERSON REGARDING THE CAUSATION, DIAGNOSIS OR PROGNOSIS OF PLAINTIFF'S INJURIES, AS WELL AS THE REASONABLENESS OR NECESSITY OF MEDICAL TREATMENT

Plaintiff has not designated any experts to testify about his injuries.  As such, defendants

anticipate that plaintiff may attempt to provide expert medical opinions about his injuries, including

opinions about causation, diagnosis or prognosis of plaintiff's injuries.  The Court should prohibit

plaintiff from providing such testimony.  Moreover, plaintiff should be prohibited from testifying

1  about the reasonableness or necessity of any medical treatment plaintiff received or the cost of such

2  treatment.

3        The testimony of a witness concerning a particular matter is inadmissible unless the witness

4  has personal knowledge of the matter.  Fed. R. Evid. 602.  Opinions of non-experts are limited to an

5  opinion that is rationally based on the perception of the witness, helpful to a clear understanding of the

6  testimony, and not based on not based on scientific, technical, or other specialized knowledge.  Fed. R.

7  Evid. 701.  Lay witnesses may not offer opinions on subjects that are sufficiently beyond common

8  experience that the opinion of an expert would assist the trier of fact.

9        The physical and emotional injuries claimed in this case are complicated by plaintiff's existing

10 conditions and by other unrelated incidents that plaintiff admits caused similar or identical injuries.

11 For example, plaintiff has suffered from depression, nightmares and paranoia of police officers – all of

12 which predated this incident.  Hopkins Depo. Tr. 9:19-24; 11:18-12:1; 19:25-20:7.  Plaintiff and other

13 lay witnesses are not trained in medical issues and there is no indication that they are competent to

14 testify regarding the complicated injury issues involved in this case.  *See, e.g., Claar v. Burlington N.*

15 *R. Co.*, 29 F.3d 499, 503-04 (9th Cir. 1994) (affirming grant of summary judgment for defendants

16 because plaintiffs' failed to provide expert testimony as to causation).

17       Accordingly, plaintiff and any other unqualified witness should not be permitted to testify

18 regarding causation of plaintiff's alleged medical conditions (be they physical or emotional), their

19 diagnosis or prognosis, or the reasonableness or necessity of any medical treatment, past or future.

20 Lay witnesses also may not draw expert conclusions and render impermissible opinions based on their

21 personal observations.  Such testimony is beyond the common experience of a lay witness and is the

22 subject only of expert witness testimony.

23       Defendants do not suggest that plaintiff may not describe his subjective experience, *e.g.*,

24 describing that he was coughing up blood, saliva and foam immediately after the incident, but plaintiff

25 should not be permitted to testify that the incident caused any continuing medical and psychological

26 problems, such as his claim that the incident caused his sleep apnea.

27       Nor should plaintiff be permitted to mention or introduce any medical provider's statement

28 concerning diagnosis, prognosis or causation of plaintiff's alleged medical conditions or the

reasonableness or necessity of any treatment, because such testimony would be hearsay and would lack foundation.  Defendants do not seek to bar their own expert witnesses from relying on such statements to form the basis of expert opinion.  Further, defendants do not seek to preclude the use of such statements to impeach plaintiff, in some cases with his own admissions.

## XI.  THE COURT SHOULD EXCLUDE TESTIMONY BY PLAINTIFF CONCERNING ALLEGED HEARSAY STATEMENTS MADE TO HIM BY ANY DOCTORS OR OTHER MEDICAL PROFESSIONALS

Any statements allegedly made to plaintiff by nurses or doctors concerning his alleged injuries or treatment are hearsay statements that do not fall within any exceptions provided in the Federal Rules of Evidence.  Such statements should be excluded under Federal Rule of Evidence 802.

Accordingly, defendants request that the Court affirmatively instruct plaintiff and his witnesses not to testify concerning any alleged statements made to plaintiff by a doctor or other medical professional concerning plaintiff's injuries or treatment.  Defendants do not seek to preclude the use of such statements to impeach plaintiff, nor do defendants seek to bar their own expert witnesses from relying on such statements to form the basis of expert opinion.

## XII.  PLAINTIFF SHOULD BE PRECLUDED FROM TESTIFYING IN A NARRATIVE FORM

As plaintiff is representing himself, there is a danger that he will seek to testify in a narrative form, *i.e.*, offering a long narrative of events to the jury.  If allowed to testify in this fashion, defendants would, as a practical matter, have no opportunity to object to hearsay statements and/or entire lines of testimony that have no relevance or relationship to this lawsuit before they are spoken to the jury.  In short, this would deprive defendants of the opportunity to object to almost any of plaintiff's testimonial evidence before it is presented to the jury.

The Court should require plaintiff to either ask himself questions and then answer them, affording defendants an opportunity to object to such questions just as it would do if plaintiff were represented by counsel, or alternatively, allow plaintiff to bring someone into court for the sole purpose of questioning plaintiff to elicit plaintiff's direct testimony.  Either method would allow

defendants a fair opportunity to object to potentially improper testimony before it is blurted out to the jury.

At a minimum, the Court should require plaintiff to provide defendants with a full, advance summary of his expected testimony in order to allow defendants opportunity to object prior to its presentation and seek appropriate Court rulings and instructions.

## XIII.   NON-PARTY WITNESSES SHOULD BE EXCLUDED FROM THE COURTROOM DURING THE TRIAL

Defendant requests that the Court exclude from the courtroom all non-party witnesses until after the witnesses have testified, so that such witnesses cannot hear the testimony of other witnesses.

## XIV.   PLAINTIFF SHOULD NOT BE PERMITTED TO STATE OR SUGGEST THAT OBJECTIONS HAVE BEEN MADE TO EVIDENCE OR THAT EVIDENCE HAS BEEN EXCLUDED

Defendants have brought these motions in limine to avoid having to object to inadmissible and unfairly prejudicial evidence during the trial.  If defendants are forced to make objections during the trial, the jury could conclude that defendants are trying to hide unfavorable evidence.  If the plaintiff, or his witnesses, make any remarks that evidence has been objected to or excluded, it is likely to unduly prejudice defendants.  Accordingly, defendants request that this Court order plaintiff to make no comments on evidence that has been objected to or excluded, and instruct plaintiff and each of plaintiff's witnesses to do the same.

## XV.   PLAINTIFF SHOULD BE BARRED FROM INTRODUCING EVIDENCE NOT PRODUCED AND WITNESSES NOT DISCLOSED IN DISCOVERY

No party should be permitted to call a witness or introduce at trial a document, record or other evidence that was not produced or identified properly in discovery.  The Court may properly exclude evidence at trial that has not been produced in response to interrogatories or inspection demands, which would cause unfair surprise at trial.  This Court should exclude any witnesses, documents, records or other evidence that plaintiff has not disclosed to defendants in response to discovery.

## CONCLUSION

As discussed above, plaintiff should not be permitted to introduce evidence or argument on inappropriate topics, relating to unnamed defendants, improper claims, or other evidence and argument that is properly excluded under the Federal Rules of Evidence.

Dated:  November 22, 2011

DENNIS J. HERRERA
City Attorney
JOANNE HOEPER
Chief Trial Deputy
WARREN METLITZKY
LEILA K. MONGAN
Deputy City Attorneys


By:  s/*Leila K. Mongan*
      LEILA K. MONGAN
      Attorneys for Defendants

      CITY AND COUNTY OF SAN FRANCISCO
      AND CHARLES AUGUST

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I, ANITA MURDOCK, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action.  I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On November 22, 2011, I served the following document(s):

### DEFENDANTS' MOTIONS IN LIMINE

on the following persons at the locations specified:

Kevin Hopkins, CC11C2851
Contra Costa County Jail
5555 Giant Highway
Richmond, CA  94806
*In Pro Per*

in the manner indicated below:

☒    **BY UNITED STATES MAIL**:  Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service.  I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail.  In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☐    **BY PERSONAL SERVICE**:  I sealed true and correct copies of the above documents in addressed envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service.  **A declaration from the messenger who made the delivery ☐ is attached** or **☐ will be filed separately with the court.**

☐    **BY OVERNIGHT DELIVERY**:  I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and delivery by overnight courier service.  I am readily familiar with the practices of the San Francisco City Attorney's Office for sending overnight deliveries.  In the ordinary course of business, the sealed envelope(s) that I placed for collection would be collected by a courier the same day.

☐    **BY FACSIMILE**:  Based on a written agreement of the parties to accept service by fax, I transmitted true and correct copies of the above document(s) via a facsimile machine at telephone number Fax #' to the persons and the fax numbers listed above.  The fax transmission was reported as complete and without error.  The transmission report was properly issued by the transmitting facsimile machine, and **a copy of the transmission report ☐ is attached** or **☐ will be filed separately with the court.**

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed November 22, 2011, at San Francisco, California.

*/s/ Anita Murdock*
Anita Murdock